QUINN EMANUEL URQUHART & SULLIVAN, LLP
James Judah (SBN 257112)
jamesjudah@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700

William Burck (*phv forthcoming*)
williamburck@quinnemanuel.com
Rajat Rana (*phv forthcoming*)
rajatrana@quinnemanuel.com
Sam Cleveland (*phv forthcoming*)
samcleveland@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, New York 10016
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100

*Attorneys for World Liberty Financial LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUCHEN "JUSTIN" SUN; BLUE ANTHEM LIMITED; and BLACK ANTHEM LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD LIBERTY FINANCIAL LLC (f/k/a WORLD LIBERTY FINANCIAL, INC.),<br><br>Defendant. | Case No. 3:26-cv-03360-JD<br><br>**DECLARATION OF JAMES JUDAH IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (DKT. NO. 3)**<br><br>Judge: Hon. James Donato<br><br>Date Filed: April 21, 2026<br><br>Trial Date: None Set |

I, James Judah, declare as follows:

1.     I am a member of the bar of the State of California and an attorney at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant World Liberty Financial LLC ("World Liberty") in this action.  I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.     I am making this declaration pursuant to Civil Local Rule 79-5(f)(3) in response to Dkt. No. 3.

3.     On April 21, 2026, Plaintiffs filed their Administrative Motion to Consider whether Another Party's Material Should be Sealed.  Dkt. No. 3.  I have reviewed the Complaint that Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5(f), an unredacted version of which has been filed at Dkt. No. 3.

4.     Courts generally apply a compelling reasons standard when considering motions to seal documents.  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

5.     Based on my review, there are compelling reasons to seal the highlighted portions of the Complaint, which includes World Liberty's sensitive business information and quotes directly from an agreement with broad confidentiality provisions.

6.     The Complaint contains confidential, sensitive business information of World Liberty.  The public disclosure of World Liberty's confidential, sensitive business information poses significant risks to World Liberty's commercial and competitive standing, including allowing competitors to gain insight into World Liberty's contractual practices, preferences, and strategy. Disclosing this information will also harm World Liberty's leverage in future negotiations with business partners and investors.

7.     In order to prevent potential harm to World Liberty, Defendant respectfully requests that the Court keep the highlighted portions of Plaintiffs' Complaint under seal.  *See e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("[T]he U.S. Supreme Court established that . . . 'the common-law right of inspection has bowed before the power of a court to insure that its records are not used … as sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978))); *Jam Cellars,*

-1-

*Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (granting motion to seal after finding compelling reasons to seal confidential business information).

8. These proposed redactions include information such as the terms, conditions, purpose, and subject matters of the confidential agreement entered into between the parties. That confidential agreement itself defines these terms as confidential information and prohibits parties from disclosing them to any third party. *See Jam Cellars, Inc.*, 2020 WL 5576346, at *1 ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard." (citation omitted)). These are specific financial terms World Liberty negotiated with Blue Anthem Limited and Black Anthem Limited, including the unlock percentage, the consideration paid, and the transfer restriction enforcement mechanisms. Disclosure to the public would give World Liberty's counterparties a roadmap to demand identical or more favorable terms, directly undermining World Liberty's negotiating position. It would harm World Liberty's ongoing token sale negotiations, relationships with existing institutional investors who negotiated similar terms under confidentiality, and its ability to enforce confidentiality obligations against other counterparties.

9. Plaintiffs' proposed redactions are narrowly limited to World Liberty's confidential contract terms, which constitute "the truly sensitive information in [the] document," pursuant to Civil Local Rule 79-5(a). There is no less restrictive alternative available than permitting this limited information to be filed under seal.

10. Therefore, World Liberty accepts Plaintiffs' proposed redactions to the Complaint. These redactions are applied as follows:

| Document | Information Sought to be Sealed | Proffered Reason for Sealing |
|---|---|---|
| Dkt. No. 3 - Complaint | Portions highlighted on pages 5, 21-28, 44-46, 48-50 | Contains confidential, non-public, and competitively sensitive information related to World Liberty's contractual terms. |

-2-
DECLARATION OF JAMES JUDAH ISO PLAINTIFFS' ADMINISTRATIVE MOTION
Case No. 3:26-cv-03360-JD

I declare under penalty of perjury under the laws of the United States that to the best of my knowledge the foregoing is true and correct.  Executed in San Francisco, California on April 28, 2026.


/s/ James D. Judah
James D. Judah