CAHILL GORDON & REINDEL LLP
SAMSON A. ENZER
senzer@cahill.com
HERBERT S. WASHER
hwasher@cahill.com
EDWARD N. MOSS
emoss@cahill.com
JOHN S. MACGREGOR - # 304330
jmacgregor@cahill.com
32 Old Slip
New York, NY  10005
Telephone:     212 701 3000
Facsimile:     212 269 5420

CAHILL GORDON & REINDEL LLP
GREGORY STRONG
gstrong@cahill.com
221 W. 10th Street, 3rd Floor
Wilmington, DE  19801
Telephone:     302 884 0001

KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
STEVEN P. RAGLAND - # 221076
sragland@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
GAYATRI V. PARANJAPE - # 345933
gparanjape@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiffs YUCHEN "JUSTIN" SUN,
BLUE ANTHEM LIMITED, and BLACK
ANTHEM LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUCHEN "JUSTIN" SUN; BLUE ANTHEM LIMITED; and BLACK ANTHEM LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD LIBERTY FINANCIAL LLC (f/k/a WORLD LIBERTY FINANCIAL, INC.),<br><br>Defendant. | Case No. 26-cv-3360-JD<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING**<br><br>Judge:      Hon. James Donato<br><br>Date Filed: April 23, 2026<br><br>Trial Date:  None set |

Plaintiffs respectfully submit this brief response under Civil Local Rule ("L.R.") 3-13(c) to Defendant's Notice of Pendency of Other Action or Proceeding (ECF No. 35).  Defendant's submission makes plain that it is engaged in forum shopping—and appears resolved to try to prevent this Court from hearing any portion of this dispute.

On April 21, 2026, Yuchen "Justin" Sun, along with two of his affiliated companies (collectively "Plaintiffs"), filed a Complaint in this Court to hold World Liberty Financial LLC ("World Liberty" or "Defendant") accountable for its fraudulent scheme to unlawfully seize Plaintiffs' property—namely, digital $WLFI tokens that at times have been worth over $1 billion. As detailed in the Complaint, although World Liberty falsely held itself out to be a ground-breaking "decentralized finance" platform backed by President Trump and the Trump family, it was really just a vehicle through which its operators sought to leverage the Trump brand to profit through misrepresentations and fraud.  Plaintiffs filed the case here because the token purchase contract with World Liberty under which Mr. Sun first purchased his tokens contains broad language requiring that lawsuits "arising out of or based upon" the contract be filed in the Northern District of California—and it even expressly prohibits filing such suits in any other forum (save California state courts).  Yet despite the unambiguous language of the contract that it both drafted and signed, World Liberty has made clear that it intends to file a motion asking this Court to compel the parties to litigate their disputes in a private confidential arbitration, rather than in public proceedings before this Court.

On May 5, 2026, just two weeks after Plaintiffs filed this lawsuit, World Liberty filed a meritless defamation lawsuit against Mr. Sun based on posts he made between April 12 and April15 on X.com, in which he had accused World Liberty of the very misconduct that he would soon detail in his April 21 Complaint.  However, instead of filing the defamation suit (which in substance is simply a counterclaim to the instant lawsuit) in this Court where it belongs, World Liberty again sought to avoid this forum—and gain a home-court advantage—by filing in state court in Florida, where World Liberty is organized as an LLC.

Under Civil Local Rule ("L.R.") 3-13(a), World Liberty was required to notify this Court of another action in a different court that "involves all or a material part of the same subject matter and

all or substantially all of the same parties" as this case.  World Liberty filed that notice because, as it was forced to concede at the outset, "[t]here is similarity" between the two cases, but it goes on to spend the bulk of its submission trying to convince the Court that the two cases are so different that no notice of pendency was even required (even though, of course, it chose to file one).

World Liberty argues that this case arises from a contract while the other arises from social media posts, but World Liberty fails to mention that the social media posts—made by Mr. Sun just days before he filed this action—merely preview the allegations in the Complaint that he was preparing to file here.  Indeed, the allegedly defamatory statements focus principally on World Liberty's decision to freeze Mr. Sun's tokens and, therefore, both the instant case and the Florida case will turn on the question of whether World Liberty did so improperly.  Thus, World Liberty's meritless defamation lawsuit is an obvious attempt to muster a counterclaim to Mr. Sun's Complaint and, in fact, it is a compulsory counterclaim under Federal Rule of Civil Procedure 13(a)(1)(A).  *See, e.g., Pochiro* v. *Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1251 (9th Cir. 1987) (former employee's defamation claim was compulsory counterclaim under state-law analogue to Rule 13 where former employer had sued former employee for misappropriating confidential records and alleged defamation involved statements about same misappropriation).  For these and other reasons, the cases plainly involve the "same subject matter."  Not only that, but the cases also obviously involve "substantially all of the same parties"—Mr. Sun and World Liberty.  The only difference is that this lawsuit also includes two of Mr. Sun's companies through which he purchased the $WLFI tokens.  World Liberty's reliance on this immaterial difference elevates form over substance as a means of tipping the scales in favor of Florida, World Liberty's preferred forum.

In the Florida case, World Liberty has filed its complaint, but Mr. Sun has not yet been served.  If service of the Florida lawsuit is properly made, Mr. Sun intends at the appropriate time (i) to remove the case to Federal court in Florida based on diversity jurisdiction, and then (ii) to move to transfer the case to this Court, where the first-filed action is pending, under 28 U.S.C. § 1404(a) (and, in the alternative, to move to dismiss).  We expect that, in the event the defamation case is transferred to this Court, World Liberty will argue that Plaintiffs' fraud case

must be arbitrated, while World Liberty's defamation case—which is based on social media posts that simply paraphrase the fraud allegations—must be litigated in court.

That is as wrong as it sounds.  In reality, World Liberty's filing of its counterclaim in a court is an admission that this entire dispute belongs in court and not in arbitration, and we look forward to explaining in further detail why—to promote efficiency, conserve resources, and avoid conflicts—Your Honor should preside over the entire dispute.

Dated: May 19, 2026

KEKER, VAN NEST & PETERS LLP

By:   /s/ *Robert A. Van Nest*
      ROBERT A. VAN NEST
      STEVEN P. RAGLAND
      BROOK DOOLEY
      GAYATRI V. PARANJAPE

      CAHILL GORDON & REINDEL LLP
      SAMSON A. ENZER
      HERBERT S. WASHER
      EDWARD N. MOSS (*PHV Pending*)
      JOHN S. MACGREGOR - # 304330

      CAHILL GORDON & REINDEL LLP
      GREGORY STRONG (*PHV Pending*)

      Attorneys for Plaintiffs YUCHEN "JUSTIN"
      SUN, BLUE ANTHEM LIMITED, and
      BLACK ANTHEM LIMITED