**CAHILL GORDON & REINDEL LLP**
SAMSON A. ENZER
senzer@cahill.com
HERBERT S. WASHER
hwasher@cahill.com
EDWARD N. MOSS (*PHV Pending*)
emoss@cahill.com
JOHN S. MACGREGOR - # 304330
jmacgregor@cahill.com
32 Old Slip
New York, NY  10005
Telephone:    212 701 3000
Facsimile:    212 269 5420

**CAHILL GORDON & REINDEL LLP**
GREGORY STRONG (*PHV Pending*)
gstrong@cahill.com
221 W. 10th Street, 3rd Floor
Wilmington, DE  19801
Telephone:    302 884 0001

*Attorneys for Plaintiffs*

**KEKER, VAN NEST & PETERS LLP**
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
STEVEN P. RAGLAND - # 221076
sragland@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
GAYATRI V. PARANJAPE - # 345933
gparanjape@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUCHEN "JUSTIN" SUN; BLUE ANTHEM LIMITED; and BLACK ANTHEM LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD LIBERTY FINANCIAL LLC (f/k/a WORLD LIBERTY FINANCIAL, INC.),<br><br>Defendant. | Case No. 26-cv-3360<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER**<br><br>Judge:<br><br>Date Filed:  April 21, 2026<br><br>Trial Date:  None set |

Pursuant to Local Rule 7-12, Plaintiffs Yuchen "Justin" Sun ("Mr. Sun"), Blue Anthem Limited ("Blue Anthem"), and Black Anthem Limited ("Black Anthem") (collectively, "Plaintiffs"), and Defendant World Liberty Financial LLC (f/k/a World Liberty Financial, Inc.) ("World Liberty"), by and through their respective counsel of record, stipulate as follows:

*WHEREAS*, Plaintiffs have filed a Complaint in this action (the "Action") asserting claims against World Liberty for breach of contract, fraud, conversion, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and declaratory relief arising from disputes related to certain cryptographically secured digital $WLFI tokens, and World Liberty contends that these claims are meritless and subject to mandatory arbitration;

*WHEREAS*, World Liberty denies Plaintiffs' allegations in the Action, including the allegations set forth herein, and nothing in this Stipulation shall be construed as an admission of liability, wrongdoing, or the validity of any of Plaintiffs' claims by World Liberty;

*WHEREAS*, World Liberty contends that Mr. Sun is not a party to the underlying agreements and World Liberty did not consent to jurisdiction of this Court for any claims brought by Mr. Sun; and the dispute between Black Anthem, Blue Anthem, and World Liberty is subject to mandatory arbitration, and that this dispute, if it is to be maintained, should proceed in arbitration and cannot proceed in the United States District Court for the Northern District of California, or any other public court;

*WHEREAS*, without admitting or conceding any of the claims or allegations in the Action, or that this is an appropriate forum for this dispute, the parties wish to resolve the issue of preservation of Plaintiffs' $WLFI tokens (the "Tokens at Issue") pending adjudication of this Action without the need for contested motion practice;

IT IS HEREBY STIPULATED AND AGREED by and between the parties and their undersigned counsel, subject to the approval of the Court, as follows:

1. World Liberty shall not burn, destroy, reallocate to a burn address, or otherwise permanently dispose of any of the Tokens at Issue, in whole or in part.

2. To the extent the governance proposal published on April 15, 2026, available at https://governance.worldlibertyfinancial.com/t/proposal-early-supporter-founder-team-

1

partner-token-unlock/53266 (the "Governance Proposal"), or any subsequent governance proposal, would result in the burning, permanent destruction, permanent reallocation, or indefinite freeze of any of the Tokens at Issue, World Liberty shall not implement any such burning, destruction, reallocation, or indefinite freeze as to the Tokens at Issue. For the avoidance of doubt, this provision does not prevent World Liberty from conducting governance votes among token holders, but World Liberty shall not give effect to any vote insofar as it would result in the destruction of the Tokens at Issue. Notwithstanding the foregoing, if the Governance Proposal passes and Plaintiffs affirmatively accept the "new vesting schedule" and make the required "acknowledgements and agreements relating to the terms and meet any eligibility requirements," as referenced in the Governance Proposal, (which, for the avoidance of doubt, is a decision to be made solely by Plaintiffs, and Plaintiffs may instead choose not to take such actions), then certain of the Tokens at Issue will be subject to the terms of that Governance Proposal and the referenced "acknowledgements and agreements relating to the terms," which, as the Governance Proposal makes clear, involves the burning of certain Tokens at Issue.

3.  World Liberty shall not exercise the reallocation function (or any similar function added to the $WLFI smart contract) to seize, transfer, or destroy any of the Tokens at Issue.

4.  For the avoidance of doubt, this Stipulation addresses only the preservation of the Tokens at Issue and does not address the existing freeze on the Tokens at Issue or any other relief sought in the Action. Nothing in this Stipulation shall be construed as a waiver of any party's rights, claims, or defenses in this Action, including but not limited to Plaintiffs' right to seek additional injunctive or other relief from this Court.

5.  Nothing in this Stipulation shall be construed as a waiver of any right of World Liberty to argue that this dispute must proceed in arbitration, and not in this Court, in accordance with applicable agreements, nor shall it be construed as consent for this dispute to proceed in this Court. World Liberty expressly reserves all rights, including to move to compel this dispute to arbitration. Nothing in this Stipulation shall be construed as a waiver of any right of Plaintiffs to argue that this Action is properly before this Court, and Plaintiffs expressly

2

STIPULATION AND [PROPOSED] ORDER
Case No. 26-cv-3360

reserve all rights to oppose any motion to compel arbitration and to argue that this Court is the appropriate forum for this dispute.

6. If either party, through its officers, agents, servants, employees, attorneys, founders, or all those in active concert or participation with them, breaches any of the terms of this Stipulation, the non-breaching party may move this Court for relief related to such breach.

This Stipulation shall remain in effect until (a) entry of a final judgment in this Action, (b) a decision in favor of World Liberty on any dispositive motion or any motion to compel arbitration, in which case World Liberty will work in good faith with Plaintiffs to enter an agreement similar to this Stipulation, to the extent appropriate, (c) further order of this Court, or (d) written agreement of the parties filed with and approved by this Court modifying or terminating this Stipulation.

Dated: April 23, 2026                          **KEKER, VAN NEST & PETERS LLP**

By:   */s/ Robert A. Van Nest*
ROBERT A. VAN NEST
STEVEN P. RAGLAND
BROOK DOOLEY
GAYATRI V. PARANJAPE

**CAHILL GORDON & REINDEL LLP**
SAMSON A. ENZER
HERBERT S. WASHER
EDWARD N. MOSS (*PHV Pending*)
JOHN S. MACGREGOR

**CAHILL GORDON & REINDEL LLP**
GREGORY STRONG (*PHV Pending*)

*Attorneys for Plaintiffs*

Dated: April 23, 2026                          **QUINN EMANUEL URQUHART & SULLIVAN LLP**

By:*/s/ William A. Burck*
WILLIAM A. BURCK
RAJAT RANA
SAM CLEVELAND

*Attorneys for Defendant*

## ECF ATTESTATION

I, Brook Dooley, hereby attest pursuant to Civil Local Rule 5-1(i)(3) that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: April 23, 2026                              **KEKER, VAN NEST & PETERS LLP**

                                                    By:    */s/ Brook Dooley*
                                                    ROBERT A. VAN NEST
                                                    STEVEN P. RAGLAND
                                                    BROOK DOOLEY
                                                    GAYATRI V. PARANJAPE


                                                    **CAHILL GORDON & REINDEL LLP**
                                                    SAMSON A. ENZER
                                                    HERBERT S. WASHER
                                                    EDWARD N. MOSS (*PHV Pending*)
                                                    JOHN S. MACGREGOR

                                                    **CAHILL GORDON & REINDEL LLP**
                                                    GREGORY STRONG (*PHV Pending*)

                                                    *Attorneys for Plaintiffs*

## [PROPOSED] ORDER

PURSUANT TO THE ATTACHED STIPULATION, IT IS SO ORDERED.

Date:  May 25, 2026                                     By: _____
                                                              United States District Court Judge

                                                              James Donato