**CAHILL GORDON & REINDEL LLP**
SAMSON A. ENZER (admitted *pro hac vice*)
senzer@cahill.com
HERBERT S. WASHER (admitted *pro hac vice*)
hwasher@cahill.com
EDWARD N. MOSS (admitted *pro hac vice*)
emoss@cahill.com
JOHN S. MACGREGOR - # 304330
jmacgregor@cahill.com
32 Old Slip
New York, NY 10005
Telephone:    212 701 3000
Facsimile:    212 269 5420

CAHILL GORDON & REINDEL LLP
GREGORY STRONG (admitted *pro hac vice*)
gstrong@cahill.com
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
Telephone:    302 884 0001

**KEKER, VAN NEST & PETERS LLP**
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
STEVEN P. RAGLAND - # 221076
sragland@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
GAYATRI V. PARANJAPE - # 345933
gparanjape@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Plaintiffs YUCHEN "JUSTIN" SUN,
BLUE ANTHEM LIMITED, and BLACK
ANTHEM LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUCHEN "JUSTIN" SUN; BLUE ANTHEM LIMITED; and BLACK ANTHEM LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD LIBERTY FINANCIAL LLC (f/k/a WORLD LIBERTY FINANCIAL, INC.),<br><br>Defendant. | Case No. 26-cv-3360<br><br>**PLAINTIFFS' OPPOSITION IN PART TO DEFENDANT'S INTERIM ADMINISTRATIVE MOTION TO FILE UNDER SEAL DEFENDANT'S MOTION TO COMPEL ARBITRATION, MOTION TO DISMISS, AND SUPPORTING DOCUMENTS**<br><br>Judge:  Hon. James Donato<br><br>Date Filed:  April 21, 2026<br><br>Trial Date:  None set |

Plaintiffs Yuchen "Justin" Sun ("Mr. Sun"), Blue Anthem Limited, and Black Anthem Limited (collectively, "Plaintiffs") respectfully submit this opposition in part to the Interim Administrative Motion to File Under Seal (ECF No. 43) (the "Motion to Seal") filed by Defendant World Liberty Financial LLC (f/k/a World Liberty Financial, Inc.) ("World Liberty").

When Plaintiffs filed this action, they redacted limited portions of their Complaint that referred to an agreement containing a confidentiality provision. (ECF No. 1). That provision was the *only* reason Plaintiffs redacted any of their Complaint at all, and Plaintiffs carefully circumscribed their redactions to go no further than the provision required. (*See* ECF Nos. 1, 3, 3-2). Indeed, Plaintiffs took no position on whether the redacted material actually warranted sealing and provisionally filed it under seal to give *World Liberty* an opportunity to establish the requirements for sealing, as Plaintiffs explained in their Administrative Motion to Consider Whether *Defendant's* Material Should be Sealed Pursuant to Civil Local Rule 79-5(f). (*See* ECF No. 3). World Liberty acknowledged in its response that "Plaintiffs' proposed redactions are narrowly limited to World Liberty's confidential contract terms." (ECF No. 22 at 2). World Liberty did not request any additional redactions. (*Id.*).

Yet World Liberty now seeks to seal a much broader set of materials in its own motions to dismiss and to compel arbitration (*see* ECF No. 43), including two agreements between the parties that contain no confidentiality provisions and that Plaintiffs have never understood to be confidential: the November 25, 2024 Token Purchase Agreement ("TPA") by which Plaintiffs acquired two billion of the digital tokens at the center of this case for $30 million (ECF No. 43-5), and an Advisor Token Agreement ("ATA") dated the same day, which memorialized World Liberty's grant of an additional one billion tokens to compensate Mr. Sun for serving as a company advisor (ECF No. 43-6). (*See* ECF No. 1 ¶¶ 7-8). These agreements are foundational to the case. Indeed, the Complaint mentions the TPA more than 50 times and quotes it liberally throughout. World Liberty's newfound insistence that the TPA and ATA contain confidential material requiring sealing contradicts those agreements—in which World Liberty could have insisted on confidentiality clauses but did not—and World Liberty's endorsement of Plaintiffs' limited

Complaint redactions. Moreover, if the Court were to grant World Liberty's Motion to Seal, World Liberty's papers would be inconsistent with what was already publicly filed in the Complaint.

World Liberty's position contradicts the governing law. World Liberty fails to show either "compelling reasons" or "good cause" to seal the agreements. *See Center for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1096-1102 (9th Cir. 2016) (courts require "compelling reasons" to seal motions that are "more than tangentially related to the merits of a case" and lesser "good cause" showing to seal motions "not related, or only tangentially related, to the merits of a case").[1] Although World Liberty's counsel asserts in conclusory terms that the company will suffer competitive harm if the agreements—now more than a year and a half old—are disclosed (*see* ECF Nos. 43 at 4-5, 43-1 at 1-2), World Liberty offers no proof besides its own say-so. That is plainly insufficient. Courts do not hesitate to deny sealing, even under the less-demanding "good cause" standard, where—as here—a movant claims that "competitors could use the information to 'undercut [its] competitive standing in current and future contract negotiations' but fails to show how." *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 789 F. Supp. 3d 760, 768 (N.D. Cal. 2025). *A fortiori*, such "boilerplate assertion[s] of competitive harm" and "trade secrets" fail to meet the higher "compelling reasons" bar, *A.B.* v. *Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 907-08 (N.D. Cal. 2020), which World Liberty acknowledges it must clear at least as to its motion to dismiss.

In sum, "[e]ven if some competitive harm might result from the [agreements'] disclosure," World Liberty "has not shown why its preference for secrecy establishes a compelling reason to override the judicial system's 'strong presumption' in favor of public access to judicial records and documents." *Avila* v. *Ford Motor Co.*, 821 F. Supp. 3d 1113, 1125 (N.D. Cal. 2026). This Court should therefore deny World Liberty's Motion to Seal to the extent it covers the TPA, the ATA, and references to those agreements in any of World Liberty's motion papers.

---

[1] World Liberty acknowledges that it must establish compelling reasons to seal materials supporting its motion to dismiss but claims it need show only good cause to seal materials supporting its motion to compel arbitration. (ECF No. 43 at 2-3). Any distinction between World Liberty's two motions is immaterial for these purposes, however, because World Liberty cannot meet either standard.

Dated: June 8, 2026
New York, NY

CAHILL GORDON & REINDEL LLP

By:    /s/ Samson A. Enzer
Samson A. Enzer (admitted *PHV*)
Herbert S. Washer (admitted *PHV*)
Edward N. Moss (admitted *PHV*)
John S. MacGregor (No. 304330)
senzer@cahill.com
hwasher@cahill.com
emoss@cahill.com
jmacgregor@cahill.com
32 Old Slip
New York, NY 10005
Telephone: (212) 701-3000

Gregory Strong (admitted *PHV*)
gstrong@cahill.com
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
Telephone: (302) 884-0001

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (No. 84065)
Steven P. Ragland (No. 221076)
Brook Dooley (No. 230423)
Gayatri V. Paranjape (No. 345933)
rvannest@keker.com
sragland@keker.com
bdooley@keker.com
gparanjape@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

*Attorneys for Plaintiffs*