QUINN EMANUEL URQUHART & SULLIVAN LLP
James D. Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel:    (415) 875-6600
Fax:    (415) 875-6700

William A. Burck (admitted *pro hac vice*)
williamburck@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Tel:    (202) 538-8000
Fax:    (202) 538-8100

Rajat Rana (admitted *pro hac vice*)
Sam Cleveland (admitted *pro hac vice*)
rajatrana@quinnemanuel.com
samcleveland@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Tel:    (212) 849-7000
Fax:    (212) 849-7100

*Attorneys for Defendant World Liberty Financial LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUCHEN "JUSTIN" SUN; BLUE ANTHEM LIMITED; and BLACK ANTHEM LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD LIBERTY FINANCIAL LLC (f/k/a WORLD LIBERTY FINANCIAL, INC.),<br><br>Defendant. | Case No. 3:26-cv-03360-JD<br><br>**DECLARATION OF JAMES D. JUDAH IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANT'S MATERIALS SHOULD BE SEALED (ECF 51)**<br><br>Judge: Hon. James Donato<br><br>Date Filed: April 21, 2026<br><br>Trial Date: None Set |

I, James D. Judah, declare as follows:

1.    I am a member of the bar of the State of California and an attorney at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant World Liberty Financial LLC ("World Liberty" or "Defendant") in this action.  I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.    Pursuant to Civil Local Rule 79-5, I submit this declaration in response to Plaintiffs' Administrative Motion to Consider Whether Defendant's Materials Should be Sealed ("Administrative Motion").  ECF 51.  Plaintiffs' Administrative Motion identifies portions of their Opposition to Defendant's Motion to Compel Arbitration and Stay Case ("Opposition"), ECF 49, that were provisionally filed under seal pursuant to Civil Local Rule 79-5(f) as containing information that World Liberty has designated as confidential.  World Liberty requests that the Court enter the attached order to maintain under seal the portions of the Opposition identified in the table below.

3.    Pursuant to Paragraph 31 of this Court's Standing Order, and as explained in World Liberty's Interim Administrative Motion to File Under Seal its Motion to Compel Arbitration, Motion to Dismiss, and Supporting Documents ("Interim Motion to Seal"), ECF 43, the parties intend to file a single, more fulsome sealing motion ("Omnibus Sealing Motion") covering the filings submitted under seal for its Motion to Compel, and their respective opposition and reply to the motions.  As explained in the Interim Motion, to reduce the burden on both the Court and the parties, World Liberty respectfully requests that the portions of Plaintiffs' Opposition filed provisionally under seal be maintained under seal pending a decision by the Court on the forthcoming jointly filed Omnibus Sealing Motion, to be filed no later than 14 days after completion of briefing on Defendant's Motion to Compel.

4.    Courts generally apply a compelling reasons standard when considering motions to seal documents.  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  However, "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-98 (9th Cir. 2016).  Instead, materials attached to non-

-1-

13437-00001/18454937.1

dispositive motions are subject to the lesser "good cause" standard, which requires only "a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *Finjan, Inc. v. Check Point Software Techs., Inc.*, 2020 WL 597630, at *21 (N.D. Cal. Jan. 17, 2020) (quoting *Phillips ex rel. Est. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). Ultimately, "[d]istrict courts differ on whether a motion to compel arbitration is a dispositive or nondispositive motion for sealing purposes." *Apexxus LLC v. OptumRx, Inc.*, 2025 WL 3707249, at *26 (N.D. Cal. Dec. 22, 2025) (citation modified).  Some courts in this district have held that a motion to compel arbitration is non-dispositive for purposes of sealing and have applied the lower "good cause" standard. *See, e.g.*, *Hunt v. Cont'l Cas. Co.*, 2015 WL 1518067, at *3 (N.D. Cal. Apr. 3, 2015) ("Because the motion to compel [arbitration] and motion for protective order are nondispositive motions, the 'good cause' standard (rather than the 'compelling reasons' standard) applies . . . .").

5.    Based on my review, sealing of the information identified in the below table, which include World Liberty's sensitive business information contained within an agreement with broad confidentiality provisions entered into between the parties, is warranted here regardless of whether the "compelling reasons" or the "good cause" standard applies.

6.    In making this request, World Liberty has carefully considered the relevant legal standard and the policy considerations outlined in the Northern District of California's Civil Local Rule 79-5.  World Liberty makes this request with the good faith belief that the information sought to be sealed contains confidential, sensitive business information of World Liberty.  The public disclosure of World Liberty's confidential, sensitive business information poses significant risks to World Liberty's commercial and competitive standing, including allowing competitors to gain insight into World Liberty's contractual practices, preferences, and strategy.  Disclosing this information will also harm World Liberty's leverage in future negotiations with business partners and investors.

7.    The proposed redactions include the terms, conditions, purpose, and subject matters of an agreement entered into between the parties.  They include specific terms World Liberty negotiated with Blue Anthem Limited and Black Anthem Limited, including the conditions

-2-

13437-00001/18454937.1

governing the transferability of tokens, and token transfer restriction enforcement mechanisms. Disclosure to the public would give World Liberty's counterparties a roadmap to demand identical or more favorable terms, directly undermining World Liberty's negotiating position.

8.      Defendant's proposed redactions are narrowly limited to World Liberty's confidential contract terms, which constitute "the truly sensitive information in [the] document," pursuant to Civil Local Rule 79-5(a).   There is no less restrictive alternative available than permitting this limited information to be filed under seal.

9.      Therefore, World Liberty requests that the Court seal the identified portions of the Plaintiffs' Opposition:

| Document | Information Sought to be Sealed | Proffered Reason for Sealing |
|---|---|---|
| Plaintiffs' Opposition to Defendant's Motion to Compel Arbitration and Stay Case | Redacted portions on pages 4, 5, 7, 14, and 15, as indicated in yellow highlighting in the version filed under seal (ECF 51-2). | Contains confidential, non-public, and competitively sensitive information related to World Liberty's contractual terms. |

I declare under penalty of perjury under the laws of the United States that to the best of my knowledge the foregoing is true and correct.  Executed in Hillsborough, California on July 21, 2026.

/s/ James D. Judah
James D. Judah

13437-00001/18454937.1

**Certificate of Service**

I hereby certify that on July 21, 2026, I filed a true and correct copy of the foregoing document with the Court's CM/ECF system, which sent a notification of such filing to all parties who have appeared in this matter.

Dated:   July 21, 2026                          By:    */s/ James D. Judah*
                                                            James D. Judah

13437-00001/18454937.1