**QUINN EMANUEL URQUHART &
SULLIVAN LLP**
James D. Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel:    (415) 875-6600
Fax:    (415) 875-6700

William A. Burck (admitted *pro hac vice*)
williamburck@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Tel:    (202) 538-8000
Fax:    (202) 538-8100

Rajat Rana (admitted *pro hac vice*)
Sam Cleveland (admitted *pro hac vice*)
rajatrana@quinnemanuel.com
samcleveland@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Tel:    (212) 849-7000
Fax:    (212) 849-7100

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUCHEN "JUSTIN" SUN; BLUE ANTHEM LIMITED; and BLACK ANTHEM LIMITED,<br><br>Plaintiffs,<br>v.<br><br>WORLD LIBERTY FINANCIAL LLC (f/k/a WORLD LIBERTY FINANCIAL, INC.),<br><br>Defendant. | Civil Action No. 3:26-cv-3360-JD<br><br>**DEFENDANT WORLD LIBERTY LLC'S COMBINED ADMINISTRATIVE MOTION TO SEAL FOR REQUESTS WHERE SEALING IS OPPOSED**<br><br>Judge: Hon. James Donato<br><br>Date Filed: April 21, 2026<br><br>Trial Date: None Set |

13437-00001/18553196.1

Pursuant to Civil Local Rules 7-11 and 79-5, and Paragraph 31 of this Court's Standing Order for Civil Cases, Defendant World Liberty Financial LLC ("World Liberty" or "Defendant"), hereby requests to file under seal two confidential business contracts relating to World Liberty's Motion to Compel Arbitration and Stay Case (ECF 40) ("Motion to Compel and Stay Case"). Specifically, World Liberty requests sealing of all of Exhibit 1 to the Alper Declaration in Support of the Motion to Compel and Stay Case (ECF No. 40-2), the Token Purchase Agreement ("TPA"), and all of Exhibit 2 to the Alper Declaration (ECF No. 40-3), the Advisor Token Agreement ("ATA"), as provided in the table below:

| World Liberty's Requests To Seal That Are Opposed | | | |
|---|---|---|---|
| **ECF No.** | **Document** | **Information Sought to be Sealed** | **Proffered Reason for Sealing** |
| 40-2[1] | Exhibit 1 to the Alper Declaration (TPA) | Entire document | Contains confidential, non-public, and competitively sensitive information related to World Liberty's contractual terms. |
| 40-3[2] | Exhibit 2 to the Alper Declaration (ATA) | Entire document | Contains confidential, non-public, and competitively sensitive information related to World Liberty's contractual terms. |

To begin the process of submitting this combined administrative motion to seal ("Combined Motion to Seal"), and to reduce the burden on both the Court and the parties, World Liberty requested provisional sealing of these documents in connection with the Motion to Compel and Stay Case and World Liberty's reply in support of that motion. This Combined Motion to Seal supersedes the interim motions to seal, which can be found at ECF Nos. 43, 50, 51, and 56. However, World Liberty requests that the provisionally sealed documents remain under seal pending the Court's decision on the Combined Motion to Seal.

Plaintiffs Yuchen "Justin" Sun, Blue Anthem Limited, and Black Anthem Limited (collectively the "Plaintiffs", and together with World Liberty the "Parties") oppose World Liberty's request to seal these documents, but this Court should not permit Plaintiffs to use public litigation

---

[1]  Sealed version at ECF No. 43-5, and attached to this Motion as **Exhibit 1**.
[2]  Sealed version at ECF No. 43-6, and attached to this Motion as **Exhibit 2**.

13437-00001/18553196.1

to disclose these confidential documents when Plaintiffs themselves have admitted that these claims are subject to mandatory arbitration.  "'In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'"  *Mobileum Inc. v. Sarl*, 2023 WL 8481802, at \*2 (N.D. Cal. Dec. 7, 2023)(granting motion to seal plaintiff's information because plaintiff "narrowed [its] redactions to cover sensitive business information," and because the closely negotiated terms can be used by other customers to demand favorable terms) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).  World Liberty requests that all the provisionally sealed documents remain under seal for this additional purpose while the Court considers its Motion to Compel and Stay Case.

## I.    LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing establish the "legitimate private or public interests that warrant sealing," and "the injury that will result if sealing is denied."  Civ. L.R. 79-5(c).  The sealing request must also be "narrowly tailored to seal only the sealable material."  *Id.*  For the reasons explained below, the contracts relating to the Motion to Compel and Stay Case warrant sealing.  World Liberty's request is narrowly tailored to seal only the information necessary to avoid injury caused by public disclosure.  *See Mobileum*, 2023 WL 8481802, at \*2.

While there is a "compelling reasons" standard applied for sealing materials filed in support of a motion to dismiss, "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-80 (9th Cir. 2016).  Instead, materials attached to non-dispositive motions are subject to the lesser "good cause" standard, which requires only "a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed."  *Finjan, Inc. v. Check Point Software Techs., Inc.*, 2020 WL 597630, at \*21 (N.D. Cal. Jan. 17, 2020) (quoting *Phillips ex rel. Est. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).  Ultimately, "[d]istrict courts differ on whether a motion to compel arbitration is a dispositive or nondispositive motion for sealing purposes."  *Apexxus LLC v. OptumRx, Inc.*, 2025 WL 3707249,

13437-00001/18553196.1

at *26 (N.D. Cal. Dec. 22, 2025) (citation modified).  Some courts in this district have held that a motion to compel arbitration is non-dispositive for purposes of sealing and have applied the lower "good cause" standard.  *See, e.g.*, *Hunt v. Cont'l Cas. Co.*, 2015 WL 1518067, at *3 (N.D. Cal. Apr. 3, 2015) ("Because the motion to compel [arbitration] and motion for protective order are non-dispositive motions, the 'good cause' standard (rather than the 'compelling reasons' standard) applies . . . .").

Whether evaluated under the "compelling reasons" standard or the lower "good cause" standard, all of Exhibits 1 and 2 to the Alper Declaration should be sealed because these contracts include "business information" that if disclosed publicly "might harm [Defendant]'s competitive standing." *Nixon*, 435 U.S. at 598 (1978).

## II.  THE COURT SHOULD SEAL CONFIDENTIAL CONTRACTUAL INFORMATION IN EXHIBITS 1 AND 2 TO THE ALPER DECLARATION

The Court should seal Exhibits 1 and 2 to the Alper Declaration in their entirety.  World Liberty seeks to seal confidential business information in these contracts including the terms, conditions, purpose, and subject matters of promises between World Liberty and Blue Anthem Limited.  Judah Decl. ¶ 6.  This fits squarely within the category of information that meets the "compelling reasons" standard because public disclosure would harm World Liberty's competitive standing.  Judah Decl. ¶ 4; *Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *1 (N.D. Cal. Sept. 17, 2020) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard." (citation omitted)); *see also Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 2020 WL 1911502, at *3 (S.D. Cal. Apr. 20, 2020) (finding compelling reasons to seal "non-public, confidential information" concerning "commercial relationships," "agreements," and "business dealings" between the parties).

World Liberty requests sealing of specific financial terms World Liberty negotiated with the Anthem Parties, including terms governing the purchase and grant of $WLFI tokens, the consideration paid, terms of the advisory services provided, and other confidential terms.  Judah Decl. ¶ 6.  Disclosure to the public would give counterparties of World Liberty a roadmap to demand

-3-                                  Civil Action No. 3:26-cv-3360-JD

DEFENDANT'S COMBINED ADMINISTRATIVE MOTION TO SEAL

13437-00001/18553196.1

identical or more favorable terms, directly undermining World Liberty's negotiating position. Judah Decl. ¶ 6; *see Sumotext Corp. v. Zoove, Inc.*, 2020 WL 836737, at *3 (N.D. Cal. Feb. 20, 2020) ("[C]losely-negotiated or customer-specific terms are sealable under Ninth Circuit law, as they could be used by competitors to undercut the litigant or by potential customers to demand more favorable terms in negotiations."); *In re Google Inc. Gmail Litig.,* 2014 WL 10537440, at *5 (N.D. Cal. Aug. 6, 2014) (sealing "the terms of Google's contracts" because they "are trade secrets that, if disclosed, could cause competitive harm to Google"). Disclosure of those terms would also harm World Liberty's ongoing token sale negotiations, relationships with existing institutional investors who negotiated similar terms under confidentiality, and its ability to enforce confidentiality duties against other counterparties. Judah Decl. ¶ 7; *see Ctr. for Auto Safety*, 809 F.3d at 1097 ("Examples [of compelling reasons] include when a court record might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon*, 435 U.S. at 599)).

World Liberty has narrowly tailored this request to only information that merits sealing, and thus a less restrictive alternative to sealing is insufficient. Judah Decl. ¶ 8. Sealing Exhibits 1 and 2 to the Alper Declaration in their entirety is itself the least restrictive alternative available. Exhibits 1 and 2 are contracts, the terms of which are proprietary. Judah Decl. ¶ 7. Every substantive provision of both contracts, including the unlock conditions, the consideration paid, and the token transfer restriction enforcement mechanisms, reflect competitively sensitive business information that World Liberty treats as confidential and would harm World Liberty's ongoing token sale negotiations if disclosed publicly. Judah Decl. ¶¶ 6-7; *see In re Google Inc. Gmail Litig.,* 2014 WL 10537440, at *5.

Courts in this district have recognized that this exact approach (sealing business contracts in their entirety while making targeted redactions to an accompanying brief and other exhibits) satisfies the narrow-tailoring requirement and leaves no less restrictive alternative available. *See, e.g.*, *Google LLC v. Sonos, Inc.*, No. 3:20-cv-06754-WHA, ECF No. 39 (N.D. Cal. Nov. 24, 2020) (finding it "adequate explanation" warranting sealing of two contracts in full that their disclosure "compromises future negotiations by displaying compromises [a party] has made in other

13437-00001/18553196.1

instances," and granting sealing of the agreements in their entirety along with references to those agreements in the accompanying brief).

Finally, while Plaintiffs have contended that certain portions of the TPA and ATA are already public through quotations of and references to those documents in their Complaint, this does not warrant unsealing these documents. Plaintiffs did not consult World Liberty about redactions to its Complaint before they filed it, and Plaintiffs' subjective "understanding" that the TPA and ATA were not confidential is irrelevant. In any event, only limited portions of the TPA and ATA are quoted or referenced in the Complaint, and a majority of each contract is not public. Further, Plaintiffs' argument that the lack of a confidentiality provision in the TPA and ATA means they are not confidential fails. While the presence of a confidentiality provision weighs in favor of a finding that a document is confidential, the inverse is true. A document can be confidential and contain competitively sensitive information notwithstanding that it does not contain an express confidentiality provision.

## III.    CONCLUSION

In compliance with Civil Local Rules 79-5(d) and (e), redacted and unredacted versions of the above listed documents were filed with the interim administrative motions filed during the parties' briefing on the Motion to Compel and Stay Case. *See* ECF Nos. 43, 50, 51, and 56.

For the foregoing reasons, World Liberty respectfully requests that the Court grant this Combined Motion to Seal.

Civil Action No. 3:26-cv-3360-JD
DEFENDANT'S COMBINED ADMINISTRATIVE MOTION TO SEAL

13437-00001/18553196.1

DATED:  August 11, 2026

Respectfully submitted,

By:  _/s/    James D. Judah_

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
James D. Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel:    (415) 875-6600
Fax:    (415) 875-6700

William A. Burck (admitted _pro hac vice_)
williamburck@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Tel:    (202) 538-8000
Fax:    (202) 538-8100

Rajat Rana (admitted _pro hac vice_)
Sam Cleveland (admitted _pro hac vice_)
rajatrana@quinnemanuel.com
samcleveland@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Tel:    (212) 849-7000
Fax:    (212) 849-7100

_Attorneys for Defendant_

Civil Action No. 3:26-cv-3360-JD
DEFENDANT'S COMBINED ADMINISTRATIVE MOTION TO SEAL

13437-00001/18553196.1