**CAHILL GORDON & REINDEL LLP**
SAMSON A. ENZER (admitted *pro hac vice*)
senzer@cahill.com
HERBERT S. WASHER (admitted *pro hac vice*)
hwasher@cahill.com
EDWARD N. MOSS (admitted *pro hac vice*)
emoss@cahill.com
JOHN S. MACGREGOR - # 304330
jmacgregor@cahill.com
32 Old Slip
New York, NY 10005
Telephone: 212 701 3000
Facsimile: 212 269 5420

**KEKER, VAN NEST & PETERS LLP**
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
STEVEN P. RAGLAND - # 221076
sragland@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
GAYATRI V. PARANJAPE - # 345933
gparanjape@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

CAHILL GORDON & REINDEL LLP
GREGORY STRONG (admitted *pro hac vice*)
gstrong@cahill.com
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
Telephone: 302 884 0001

Attorneys for Plaintiffs YUCHEN "JUSTIN" SUN, BLUE ANTHEM LIMITED, and BLACK ANTHEM LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

YUCHEN "JUSTIN" SUN; BLUE ANTHEM LIMITED; and BLACK ANTHEM LIMITED,

Plaintiffs,

v.

WORLD LIBERTY FINANCIAL LLC (f/k/a WORLD LIBERTY FINANCIAL, INC.),

Defendant.

Case No. 3:26-cv-03360-JD

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S COMBINED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Judge: Hon. James Donato

Date Filed: April 21, 2026

Trial Date: None set

Plaintiffs Yuchen "Justin" Sun ("Mr. Sun"), Blue Anthem Limited, and Black Anthem Limited (collectively, "Plaintiffs") respectfully submit this opposition to the Combined Administrative Motion to Seal (ECF No. 59) (the "Motion to Seal") filed by Defendant World Liberty Financial LLC (f/k/a World Liberty Financial, Inc.) ("World Liberty"). World Liberty seeks to seal two contracts in their entirety, even though neither contains confidentiality provisions nor meets the high bar for sealing before this Court. World Liberty's attempt is part of its ongoing campaign to shield this case—which exposes World Liberty's misconduct—from the public's view. But a mere desire to hide one's wrongdoing is not a basis for sealing.

When Plaintiffs filed this action, they redacted limited portions of their Complaint that referred to one contract that contains a confidentiality provision. (ECF No. 1). That provision was the ***only*** reason Plaintiffs redacted any of their Complaint at all, and Plaintiffs carefully circumscribed their redactions to go no further than the provision required. (*See* ECF Nos. 1, 3, 3-2). World Liberty acknowledged in its response that "Plaintiffs' proposed redactions are narrowly limited to World Liberty's confidential contract terms." (ECF No. 22 at 2). World Liberty did not request any additional redactions. (*Id.*).

Yet World Liberty now seeks to seal two other agreements between the parties that ***do not*** contain any confidentiality provisions and that Plaintiffs have never understood to be confidential: the November 25, 2024 Token Purchase Agreement ("TPA") by which Plaintiffs acquired two billion of the digital tokens at the center of this case for $30 million (ECF No. 43-5), and an Advisor Token Agreement ("ATA") dated the same day, which memorialized World Liberty's grant of an additional one billion tokens to compensate Mr. Sun for serving as a company advisor (ECF No. 43-6). (*See* ECF No. 1 ¶¶ 7–8). The TPA is foundational to the parties' relationship at the heart of this case. Indeed, the Complaint mentions the TPA more than 50 times and quotes it liberally throughout. World Liberty's insistence that the TPA and ATA contain confidential material has no merit. World Liberty could have insisted on confidentiality clauses in them, and it could have asked for those agreements to be redacted at the outset of this case. World Liberty did neither. Moreover,

if the Court were to grant World Liberty's Motion to Seal, the result would be to seal information in World Liberty's papers that was already publicly filed in the Complaint.

World Liberty's position also contradicts the governing law. World Liberty fails to show either "compelling reasons" or "good cause" to seal the agreements. *See Center for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1098–99 (9th Cir. 2016) (courts require "compelling reasons" to seal motions that are "more than tangentially related to the merits of a case" and lesser "good cause" showing to seal motions "not related, or only tangentially related, to the merits of a case"). Although World Liberty's counsel asserts in conclusory terms that the company will suffer competitive harm if the agreements—now more than a year and a half old—are disclosed (*see* ECF No. 59-1 ¶¶ 5–7),[1] World Liberty offers no proof besides its own say-so. That is plainly insufficient. "General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records[.]" *Broadcom Corp.* v. *Netflix Inc.*, 2023 WL 12088696, at *1 (N.D. Cal. June 5, 2023). This Court has consistently denied requests to seal where a party simply declares that disclosure of "non-public information could, if revealed to competitors and potential business counterparties, disadvantage [the movant] in marketing and in negotiations." *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021) (cleaned up). World Liberty claims that "competitors could use the information to 'undercut [its] competitive standing in current and future contract negotiations' but fails to show how." *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 789 F. Supp. 3d 760, 768 (N.D. Cal. 2025). Accordingly, World Liberty fails to meet the less-demanding "good cause" standard, *id.*, and, *a fortiori*, fails to meet the higher "compelling reasons" bar, *A.B.* v. *Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 907–08 (N.D. Cal. 2020).

World Liberty repeatedly asserts that its request for sealing is "narrowly tailored," (ECF No. 59 at 2, 4), but sealing the TPA and the ATA in their entirety is not narrow. Though World Liberty's counsel represents that "[t]he proposed redactions include information such as the terms, conditions, purpose, and subject matters" of the TPA and ATA, (ECF No. 59-1 ¶ 6), World Liberty has proposed

---

[1] World Liberty's counsel declares that "[t]he agreements contain confidential business information that the **contracting parties** would not otherwise disclose publicly." (ECF No. 59-1 ¶ 7). Plaintiffs strenuously dispute that characterization of their position.

no "redactions." Instead, World Liberty asserts that every word of these two contracts is "truly sensitive information," such that "[t]here is no less restrictive alternative available" to sealing them in their entirety. (*Id.* ¶ 8). This overbreadth further undermines World Liberty's position.

World Liberty fares no better in arguing that the TPA and ATA warrant sealing because they "have become a vehicle for improper purposes," *Mobileum Inc.* v. *Sarl*, 2023 WL 8481802, at *2 (N.D. Cal. Dec. 7, 2023). (ECF No. 59 at 2). As Plaintiffs explained in opposing World Liberty's motion to compel arbitration, the investment relationship that is the basis for this entire case originated in a contract (the TPA) containing a clear, mandatory, and exclusive ***judicial*** forum-selection clause. Plaintiffs did nothing improper in referring to that contract in their filings in the very forum the contract specified: this Court. Nor is there anything improper about referring in the same forum to the ATA, which forms part of the relevant factual background. At bottom, World Liberty is attempting to seal these documents to shield its misconduct from public view to the maximum extent possible. But World Liberty's desire to avoid public scrutiny of its actions is not a basis for sealing: "a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d at 1109 (quoting *Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

In sum, "[e]ven if some competitive harm might result from the [agreements'] disclosure," World Liberty "has not shown why its preference for secrecy establishes a compelling reason to override the judicial system's 'strong presumption' in favor of public access to judicial records and documents." *Avila* v. *Ford Motor Co.*, 821 F. Supp. 3d 1113, 1125 (N.D. Cal. 2026) (quoting *Center for Auto Safety*, 809 F.3d at 1097). This Court should therefore deny World Liberty's Motion to Seal to the extent it covers the TPA, the ATA, and references to those agreements in any motion papers.

Dated: August 17, 2026

**CAHILL GORDON & REINDEL LLP**

By: */s/ Samson A. Enzer*

Samson A. Enzer (admitted *PHV*)
Herbert S. Washer (admitted *PHV*)
Edward N. Moss (admitted *PHV*)
John S. MacGregor (No. 304330)
senzer@cahill.com
hwasher@cahill.com
emoss@cahill.com
jmacgregor@cahill.com
32 Old Slip
New York, NY 10005
Telephone: (212) 701-3000

Gregory Strong (admitted *PHV*)
gstrong@cahill.com
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
Telephone: (302) 884-0001

**KEKER, VAN NEST & PETERS LLP**

By: */s/ Brook Dooley*

Robert A. Van Nest (No. 84065)
Steven P. Ragland (No. 221076)
Brook Dooley (No. 230423)
Gayatri V. Paranjape (No. 345933)
rvannest@keker.com
sragland@keker.com
bdooley@keker.com
gparanjape@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

*Attorneys for Plaintiffs*