# EXHIBIT 1

**Pages 1 - 20**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

YUCHEN "JUSTIN" SUN, et al., )
)
Plaintiffs, )
)
VS. ) **NO. C 26-03360 JD**
)
WORLD LIBERTY FINANCIAL LLC, )
)
Defendant. )
)

San Francisco, California
Thursday, August 20, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, New York 10005
**BY: SAMSON A. ENZER, ATTORNEY AT LAW**
**EDWARD N. MOSS, ATTORNEY AT LAW**

KEKER VAN NEST & PETERS LLP
633 Battery Street
San Francisco, California 94111
**BY: STEVEN P. RAGLAND, ATTORNEY AT LAW**
**GAYATRI V. PARANJAPE, ATTORNEY AT LAW**

For Defendant:
QUINN, EMANUEL, URQUHART & SULLIVAN LLP
50 California Street - 22nd Floor
San Francisco, California 94111
**BY: JAMES D. JUDAH, ATTORNEY AT LAW**
**SAM CLEVELAND, ATTORNEY AT LAW**

Remotely Reported: Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
U.S. District Court - Official Reporter

**Thursday - August 20, 2026** **11:42 a.m.**

**P R O C E E D I N G S**

---000---

**THE CLERK:** Calling civil 26-3360, Sun versus World Liberty Financial.

Counsel, please state your appearance for the record.

**MR. MOSS:** Good morning, Your Honor, I'm Edward Moss from Cahill Gordon for the Plaintiffs. And with me are Steven Ragland and Gayatri Paranjape from the Keker Van Nest firm.

Also here is Samson Enzer, my partner at Cahill, and Mr. John Hurston, Your Honor, is the representative of Plaintiff Blue Anthem.

**MR. JUDAH:** Good morning, Your Honor, James Judah with Quinn Emanuel on behalf of World Liberty LLC. With me is my associate Sam Cleveland.

And with Your Honor's permission, I will be handling some of the argument today pursuant to paragraph 13 of Your Honor's standing order regarding next --

**THE COURT:** Keep your voice up. I can barely hear you. Take it from the top. You are going to do what?

**MR. JUDAH:** Sorry. Handle some of the argument today pursuant to paragraph 13 of your standing order regarding next generation, newer lawyers.

**THE COURT:** Oh, okay. You are supposed to tell me that in advance.

**MR. JUDAH:** We submitted something, Your Honor. I apologize if --

**THE COURT:** Did you? No -- yeah, that's fine. All right. Okay. Look, the complaint was unusually hard to follow. So, for arbitration, some of the agreements have clauses regarding arbitration. One doesn't. And so, apparently the first agreement called the TPA --

**MR. MOSS:** Yes, Your Honor.

**THE COURT:** -- doesn't have anything in it for arbitration but every other agreement has something.

Now, the only consistency -- the only inconsistency -- well, the arbitration agreements themselves are typically broad. They all go to -- what is a AAA, is that the arbitrating -- okay, they all go to AAA.

**MR. MOSS:** Not all of them, Your Honor. I think the last one, the MOU -- the memorandum of understanding -- does not.

**THE COURT:** Where does that one go to?

**MR. MOSS:** I don't believe it has a specific type of arbitration in it. I will confirm that, Your Honor.

**THE COURT:** Are you sure it didn't say AAA?

**MR. JUDAH:** Your Honor, this is James Judah for Defendant. It does call for AAA.

**THE COURT:** In the MOU; right?

**MR. JUDAH:** Yes, section 7 governing law.

**MR. MOSS:** I apologize.

**THE COURT:** I thought so. I thought the MOU -- so, I was right, right, it's AAA?

**MR. MOSS:** Yes.

**MR. JUDAH:** Yes, Your Honor.

**THE COURT:** They are all AAA as far as I can tell. There is some odd ones. One is in Florida. One is in Delaware I mean, locations were different for some reason. It is all AAA. That's fine.

So, here is what -- I mean, clearly the claims about liberating the tokens so that the owner can do something with them, those obviously are sounding -- under the terms of the MOU, that was the agreement to unshackle the tokens, set them free so that the user -- the owner could do something with them.

And that's under the arbitration agreement. So, those claims -- I'm just not understanding why those -- and maybe not everything in this case is arbitrable. Maybe there are some claims that arise from and flow directly out of just the TPA, which does not require arbitration, but it seems pretty clear that at least some -- maybe a majority of the claims -- are subject to arbitration clauses. So, why is that not right?

**MR. MOSS:** Sure. Your Honor, I do have a just a very shorthand out that I think might be helpful in looking at the specific provisions of the TPA.

**THE COURT:** All right. Hand them to Ms. Clark.

**MR. MOSS:** May I approach?

**THE COURT:** Yeah, just hand it to Ms. Clark.

(Pause in proceedings.)

**MR. MOSS:** So, Your Honor, I think the starting point for the analysis here is this token purchase agreement.

If you look at the provisions on page -- slide 1, you will see that this is a bespoke document. It has truly unique provisions, and these provisions demonstrate that there is a clear and unmistakable intent to litigate disputes in this court.

So section 17, which I have here on slide 1, subsection A says that the parties --

**THE COURT:** I know this. I have seen this. And then your client signed a bunch of later agreements saying "I will go to arbitration;" okay. That's not inconsistent with this and that's not in any way -- this is not -- section 17 is not a -- you know, a trump card that blanks out every substantive agreement that your client signed after this.

**MR. MOSS:** That's correct, Your Honor.

**THE COURT:** I know you want to keep saying, Oh, we have to go back to the first deal. No, you don't. You signed a bunch of deals. And one of the deals, the MOU, was expressly directed to the relief you are seeking in this case, as I understand it, which is an order that these tokens can be

freely used by whoever owns them.

So, I don't understand -- you said all this in your brief. So, what's wrong with what I'm saying?

**MR. MOSS:** Sure. So, Your Honor, I think you have to start with this contract, and I think the first question --

**THE COURT:** I did and then you signed a bunch of others; okay. Just answer my question. Why does the MOU not displace this for the claims that arise out of the MOU? That's my question.

**MR. MOSS:** I think for a few reasons. I think one reason is that this provision says that the terms have to be modified in writing.

**THE COURT:** They were. The MOU is in writing. It is in writing. It is a writing; right? Wasn't it written? I have a copy of a document. That's a writing. So, it was modified in writing and your client signed it.

**MR. MOSS:** Well, Your Honor, the MOU doesn't say anything about modifying the token purchase. It doesn't say anything about modifying the forum selection clause in the token purchase --

**THE COURT:** That's just tap dancing on the head of a pin. That means nothing. Your client signed a bunch of these agreements. He is a sophisticated wealthy successful entrepreneur. He understood what he was doing; okay.

I don't buy for a second that the MOU is not enforceable

because it doesn't say, By the way, this modifies the TPA. And I don't believe for a second that section 17 prevails over the arbitration clause that your client agreed to because the MOU didn't say, Watch out, section 17 of the TPA no longer applies. You don't need that for this to be an enforceable agreement. You just don't.

So, that's not going to go anywhere. So, is there any other argument that you have?

**MR. MOSS:** Sure, Your Honor. Well, if you turn to slide 3, all of the claims here do arise out of or are based upon the token purchase agreement.

Now, some of them also do mention the MOU, and there's a world in which the MOU related claims can go to arbitration; but I'm not quite sure how the token purchase agreement claims can go to arbitration.

**THE COURT:** I'm fine with that. As I said earlier, maybe not all --

**MR. MOSS:** Okay.

**THE COURT:** -- the claims. I'm fine with that.

**MR. MOSS:** Okay.

**THE COURT:** But, you know, you've thrown up a lot of squid ink on, Oh, let's all blend -- you had tranches of purchases. You had tranches of agreements. Most of the tranches had -- in the agreements had arbitration. The first one didn't.

We need to sort through and decide which of these claims are going to go under the arbitration clauses, which you now have told me you agree with and which might stay here.

So, that's what I want you to tell me. You tell me right now --

**MR. MOSS:** Sure.

**THE COURT:** -- which ones go to arbitration under the MOU, as you just suggested.

**MR. MOSS:** I think if part of the case has to go to the MOU -- first of all, all of Mr. Sun's claims clearly stay here.

So, now we are talking about the Blue and Black Anthem claims. And if you look at slide 3, Your Honor, the breach of contract claim, there are two breaches alleged in the breach of contract claim. There is a TPA breach and an MOU breach.

The MOU breach part -- if Your Honor finds that the MOU governs -- then that would go to arbitration, part of 2 -- the MOU claim, the anticipatory breach claim -- and then part of 6 and 7. But all of the claims, all seven of them, arise under or relate to the token purchase agreement and --

**THE COURT:** And the MOU. Each one of your claims says, the governing agreements here that define the rights and the obligations of the parties include but are not limited to the TPA and the MOU. Each one of your claims says TPA and MOU, each one, not carved out in any way. You blend them all in

there. And once you say this is part of the MOU, you are bound to arbitration.

So, I'm just not -- you are not threading the needle adequately here; okay. Defendant, shed some light.

**MR. JUDAH:** Your Honor --

**THE COURT:** Now, look, some of these are probably not going to go. Which ones do you think should not go? Which ones are TPA based that you think should not go?

**MR. JUDAH:** Well, the claims brought by the non-party to the arbitration agreements, which is Mr. Sun. His claims --

**THE COURT:** Mr. Sun.

**MR. JUDAH:** -- we are not moving on --

**THE COURT:** All right. Do you agree that whatever claims the individual, Mr. Sun, has, he is going to stay in court?

**MR. JUDAH:** Yes, Your Honor.

**THE COURT:** All right. That's good. So, we made progress on that.

Now, what about the rest of these claims for the signatories to the MOU?

**MR. JUDAH:** Everything else should go to arbitration, Your Honor.

**THE COURT:** All the other claims?

**MR. JUDAH:** Yes.

**THE COURT:** Okay. All right. So, you are doing it by

party basically?

**MR. JUDAH:** Yes and no. So, I mean, to break it down by party quickly, right -- so, it is easy to address Black Anthem. Black Anthem is not a party to the TPA. There is no basis to -- not to -- it's only a party to the MOU. All the claims by Black Anthem obviously have to go to arbitration.

So, the only one that there's even a potential argument for would be Blue Anthem, which is a party to the TPA, as well as all four of the subsequent agreements.

Now, if you actually look at the claims, the way they pled it -- as Your Honor noted -- it's -- they all implicate the MOU, all the theories, all the claims. And that's actually demonstrated -- you know, whether it is the breach of contract; right --

**THE COURT:** Sorry. Let's just work with the first one. So, your colleague here says there is some part of that that can be carved out as TPA only.

**MR. JUDAH:** Yes, Your Honor.

**THE COURT:** What do you think about that?

**MR. JUDAH:** So, I disagree for two reasons. One -- so, this is partly raised -- so, okay, let me address two aspects here. One is they brought a breach of contract claim in their draft arbitration demand. That was only under the MOU. They didn't say they are seeking breach --

**THE COURT:** Do you have the complaint?

**MR. JUDAH:** I have the complaint, yes.

**THE COURT:** All right. Turn to paragraph 162; okay.

(Pause in proceedings.)

**THE COURT:** Page 44.

**MR. JUDAH:** Yep.

**THE COURT:** Paragraph 162 alleges the TPA expressly provided upon the delivery in accordance with the provision of this agreement, Plaintiffs will acquire valid marketable title to the purchase tokens free and clear of any pledge, lien, blah, blah, blah.

World Liberty breached that provision of the TPA by freezing Plaintiffs' tokens prior to the September 1, 2025 unlock date.

Now, to me that just says TPA. So, why would any portion of that go to arbitration?

**MR. JUDAH:** A couple of reasons. So, first, as you can see from the language that they quote, right, they say it is a breach of this provision, section 11, you know, other than a set forth herein. And a set forth herein -- they don't mention this in their opposition to their motion -- but they repeatedly acknowledge and represent no ability to transfer, no ability -- you know, no ability to -- not marketable, no economic rights. And the -- and this allegation at 162 is repeated in what they are ultimately seeking, which is loss based on economic value of the tokens, which -- so, that's the

first thing. And then if you look --

**THE COURT:** I don't understand a word you just said. What I just read to you says you breach the TPA only -- not the MOU -- you breach the TPA only. You told me I was going to have free and clear title and I didn't get it. That's what you told me in the TPA. It has nothing to do with the MOU.

**MR. JUDAH:** Well, Your Honor, the TPA also says that they have no economic rights, no ability to transfer, no marketability.

**THE COURT:** That's for the arbitrator to decide. The only issue here is are these claims within the scope of the arbitration clause. I'm not hearing any reason that would make these claims subject to that.

**MR. JUDAH:** I apologize, Your Honor. Let me explain it better. So, what they allege is the breach, right, they say the breach by freezing Plaintiffs' tokens, right -- that's the next sentence there, after they quote the TPA, and then they say the freezing again -- that freezing power was granted under the MOU. It's also a freezing -- which has the arbitration clause.

Also, the token unlock agreement also provides for the ability to freeze tokens. That also has an arbitration provision.

And so, you cannot adjudicate this claim without reference to the arbitration agreement. So, that's the first thing.

The other thing I would note is that --

**THE COURT:** Wait a minute. What are you saying, the tokens -- how are they -- they weren't frozen in the MOU.

**MR. JUDAH:** The power to freeze the tokens was agreed to in the MOU.

**THE COURT:** I thought somebody at your client sent an e-mail out of the blue saying, "We are going to freeze your tokens;" isn't that right?

**MR. MOSS:** Yes, Your Honor. So, what happened was there was a governance vote and 20 percent of the tokens were supposed to be unlocked, and they said, "We are going to freeze yours, Mr. Sun." And then they said, "Well, if you give us 75 additional million dollars and agree to the MOU, then we will unfreeze them." Then they froze them again in breach of the MOU.

So, the first breach was the TPA breach when they froze our 20 percent and didn't freeze everybody else's.

**THE COURT:** And then they did the whole MOU thing to try to fix this situation?

**MR. MOSS:** Exactly. And that's why the argument is that the MOU claims really do arise from the TPA.

**THE COURT:** I'm agreeing with you. I think this set does.

**MR. MOSS:** Right.

**THE COURT:** I mean, you contracted under the TPA for

free and clear title and you didn't get it.

**MR. MOSS:** Yeah, I agree. I think everything in Count One frankly is --

**THE COURT:** All right.

**MR. MOSS:** -- is subject to staying in this court because it really is all arising out of or based upon the TPA.

**THE COURT:** What about paragraph 165? That's all about the MOU.

**MR. MOSS:** Sure. Well, right, I mean, Your Honor, that's the argument; that the MOU is only necessary because of the breaches of the TPA.

So, if you are actually applying the plain language of the TPA and it says what arises out of or is based upon the TPA -- it is Delaware law that applies -- Delaware law says that you construe that very broadly. You can't even have the MOU claims if --

**THE COURT:** Here is what we are going to do -- so, are you representing to me that the first claim in the complaint, breach of contract, is exclusively with respect to the TPA?

**MR. MOSS:** No, Your Honor. We do allege breaches of the MOU. What I am saying is --

**THE COURT:** Where? Where are they?

**MR. MOSS:** -- that the MOU claims arise from the TPA. And so, they are covered by the judicial forum selection clause.

**THE COURT:** What are the TPA claims that are not governed by arbitration in the -- here is what we are going to do, I can't follow this. I think you are being a little clever in ways that are unfavorable to clarity.

You make a chart. You two are going to negotiate this. You are going to negotiate a chart. You can do this. You both have agreed and I have already concluded that there are some claims that will go and some that won't, and we have already agreed that anything related to individual Brian [sic] Sun is not going to arbitration. That's a good first step. That's carved in stone.

Now, you two are going to go through and you are going to make a chart for me of every claim by joint agreement that is going to arbitration and every claim that's not.

So, you two are charged with that, you two personally. Mr. Ragland --

**MR. RAGLAND:** Yes, Your Honor.

**THE COURT:** And Mr. Judah; is that right?

**MR. MOSS:** I'm Mr. Moss, sorry, Your Honor. I'm Edward Moss.

**THE COURT:** All right. Mr. Moss and Mr. Judah, you are going to do that. Where is your office?

**MR. MOSS:** New York.

**THE COURT:** Where is yours?

**MR. JUDAH:** San Francisco.

**THE COURT:** All right. I want you to do it in person. So, you can meet in Denver or Kansas City or something. Do it in person. Have it done one week from today. This is not rocket science. Just go through and carve it out; okay.

So, you have got that done by one week today, joint chart, agreement what's going to go and what's not. There should be no disability to having you do that.

**MR. MOSS:** Your Honor --

**THE COURT:** Now, after that -- depending on how many there are and what's going on -- I will decide whether we are going to have two tracks or stay or something else. Don't worry about that right now. We will work that out later. Yes?

**MR. MOSS:** Your Honor, at the risk of not turning this into a divorce case, I'm supposed to be with my family next week on vacation. Is there any chance we can have an extra week?

**THE COURT:** Who else is --

**MR. RAGLAND:** Steven Ragland. I'm with Keker, Van Nest & Peters here in San Francisco. I will be the person on the ground.

**THE COURT:** Well, you are going to do it and you are going to bind the team. All right. So, you are going to do it with Mr. Ragland. Okay. One week from today.

**MR. MOSS:** Thank you, Your Honor.

**THE COURT:** This is not that complicated.

**MR. JUDAH:** Your Honor, one point of clarification. Is the idea that it would be claim-by-claim or we would be splitting theories or portions of claims?

**THE COURT:** Every claim. Breach of contract, the following breach of contract claims go to arbitration; okay. They do and the rest don't. You don't have to necessarily specify what the rest are. I'm just interested in what you think should go to arbitration.

**MR. MOSS:** We can figure it out, Your Honor.

**THE COURT:** It's not that hard; right. I mean, you need to unravel the blanket for me. I can't do it based on what I have. All right. So, you two work it out in person. Get it done within a week. And I will worry later about whether we are going to stay whatever is left over or what. Okay.

Now, you have a AAA clause. So, any disputes about enforceability, unconscionability and so on, it has all been delegated to the arbitrator. So, a formation issue, I didn't see any. I can't imagine there are any between these two sophisticated entities. Everything else on enforceability, that's delegated to the arbitrator.

So, you are just going to tell me what's going to go and I'm going to ship it. Now, if you have any reservations about that, I will just decide myself.

**MR. MOSS:** Your Honor, if I may just be heard on that,

I think the *Coinbase* case was expressed that when there is one contract with a judicial forum selection clause and one contract with an arbitration clause, that that's not an unmistakable intent to delegate arbitrability and --

**THE COURT:** I do not read *Coinbase* that way. I think *Coinbase* stands for a different proposition. Let's not worry about it right now. All right. Yes?

**MR. CLEVELAND:** I believe I just approached to address anything that needed addressing. I think this issue is settled.

**THE COURT:** Is there anything you want to add? Why don't you go to the meeting too. Take your colleague with you.

**MR. JUDAH:** Okay.

**THE COURT:** All right. Good. Sorry there wasn't a chance to really shine. But that day will come. Okay. Anything else for today? Everything is stayed pending my resolution of the arbitration. Everything but the filing of this is stayed.

**MR. RAGLAND:** Your Honor?

**THE COURT:** Yes.

**MR. RAGLAND:** Steven Ragland on behalf of the Plaintiff. If -- Your Honor mentioned if there is disputes, that they will be dealt with. Is there some --

**THE COURT:** I'm expecting no disputes. If you can't solve this, it's because there is a failure of will and a

failure of professionalism. You are both going to make statements that you wish in a perfect world you wouldn't have to make.

Your Defendant colleague here already started that by candidly and forthright saying "Brian [sic] Sun is not going to arbitration." I expect to see the same thing from the Plaintiffs.

And if I have a sense that someone is gaming me, they will be called to account. I expect a clean sheet. There is no reason for there to be any disputes. It is not that hard. Read the agreements. Follow the tokens. Trace the claims.

You are going to do that work, as you should have done it in the first place in your briefs and you didn't. And I'm not going to drown in a sea of squid ink, as I said earlier, because you hope that obfuscation will lead to error. It's not going to happen. You are going to bring clarity.

So, don't come up here and already start pitching to me concerns about lack of agreement. You are already signaling to me you are not trying hard enough from the get-go and that's disappointing. Now, you make it work.

I will take it up later, and I will take it up with whoever I think the problem is first. All right. Thanks for coming.

**MR. JUDAH:** Thank you, Your Honor.

**THE CLERK:** All rise. Court is in recess.

(Proceedings adjourned at 12:04 p.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: August 20, 2026

Marla Knox

Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
United States District Court - Official Reporter

# EXHIBIT 2

**Archived:** Wednesday, September 30, 2026 12:09:44 PM
**From:** Sam Cleveland
**Sent:** Monday, August 24, 2026 9:30:59 PM
**To:** Gebhardt, Kayla; 'Gayatri V. Paranjape'; MacGregor, John S.; Enzer, Samson; Moss, Edward; Washer, Herbert S.; Strong, Gregory; Robert Van Nest; Brook Dooley; Steven Ragland; Amend, Andrew
**Cc:** William Burck; Rajat Rana; James Judah; Zachary Furcolo
**Subject:** Sun v. World Liberty Financial LLC, No. 26-cv-3360-JD (N.D. Cal.)
**Response requested:** No
**Sensitivity:** Normal
**Attachments:**
2026.08.24 Joint Statement re Claims to be Sent to Arbitration(18598310.3).docx ;

---

Counsel,

In accordance with the Court's minute order for the August 20, 2026 hearing requiring the parties to submit a joint "statement listing the claims to be sent to arbitration," and to facilitate discussion on the meet and confers scheduled for tomorrow and Wednesday, attached please find a draft of the joint statement due Thursday. This draft reflects World Liberty's position concerning which claims should be sent to arbitration. We look forward to discussing tomorrow and Wednesday, but please let us know if you have any comments before then.

Thanks,
Sam

**Sam Cleveland**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Avenue
New York, NY 10016
262-957-6543 Mobile
samcleveland@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
James D. Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

William A. Burck (admitted *pro hac vice*)
williamburck@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Tel: (202) 538-8000
Fax: (202) 538-8100

Rajat Rana (admitted *pro hac vice*)
Sam Cleveland (admitted *pro hac vice*)
rajatrana@quinnemanuel.com
samcleveland@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-7100

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YUCHEN "JUSTIN" SUN; BLUE ANTHEM LIMITED; and BLACK ANTHEM LIMITED,<br><br>Plaintiffs,<br>v.<br><br>WORLD LIBERTY FINANCIAL LLC (f/k/a WORLD LIBERTY FINANCIAL, INC.),<br><br>Defendant. | Civil Action No. 3:26-cv-3360-JD<br><br>**JOINT STATEMENT LISTING CLAIMS TO BE SENT TO ARBITRATION**<br><br>Judge: Hon. James Donato<br><br>Date Filed: April 21, 2026<br><br>Trial Date: None Set |

Pursuant to the Court's order during the August 20, 2026 hearing on Defendant World Liberty Financial LLC's ("World Liberty") Motion to Compel Arbitration and Stay Case ("Motion to Compel Arbitration") and August 21, 2026 Minute Order (ECF No. 64), Plaintiffs Yuchen "Justin" Sun ("Sun"), Blue Anthem Limited ("Blue Anthem"), and Black Anthem Limited ("Black Anthem") (collectively, "Plaintiffs") and World Liberty hereby submit this statement listing the claims to be sent to arbitration.

The parties have met and conferred in person as ordered by the Court (on August 25, 2026), as well as by email and video conference. The parties agree that the following claims should be sent to arbitration.[1]

**By Blue Anthem**

- First Cause of Action: Breach of Contract
- Second Cause of Action: Anticipatory Breach of Contract
- Third Cause of Action: Fraud in the Inducement
- Fourth Cause of Action: Conversion
- Fifth Cause of Action: Unjust Enrichment
- Sixth Cause of Action: Breach of Implied Covenant of Good Faith and Fair Dealing
- Seventh Cause of Action: Declaratory Relief

**By Black Anthem**

- First Cause of Action: Breach of Contract
- Second Cause of Action: Anticipatory Breach of Contract
- Third Cause of Action: Fraud in the Inducement
- Fourth Cause of Action: Conversion

---

[1] [following to be included if the parties do not agree that all claims by Blue Anthem and Black Anthem go to arbitration] For the reasons set forth in the Motion to Compel Arbitration, World Liberty maintains that, as pled in the Complaint, all claims brought by Blue Anthem and Black Anthem touch matters covered by one or more agreements to arbitrate and therefore should be compelled to arbitration. World Liberty reserves all rights regarding its challenges to jurisdiction in this Court based on (*inter alia*) arbitrability of those claims, and nothing in this joint submission is or should be construed as any waiver of its arbitration rights.

- Fifth Cause of Action: Unjust Enrichment
- Sixth Cause of Action: Breach of Implied Covenant of Good Faith and Fair Dealing
- Seventh Cause of Action: Declaratory Relief

DATED: August 27, 2026

By: /s/ draft

**CAHILL GORDON & REINDEL LLP**
Samson A. Enzer (admitted pro hac vice)
senzer@cahill.com
Herbert S. Washer (admitted pro hac vice)
hwasher@cahill.com
Edward N. Moss (admitted pro hac vice)
emoss@cahill.com
John S. Macgregor - # 304330
jmacgregor@cahill.com
32 Old Slip New York, NY 10005
Tel: (212) 701-3000
Fax: (212) 269-5420

Gregory Strong (admitted pro hac vice)
gstrong@cahill.com
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
Tel: (302) 884-0001

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest - # 84065
rvannest@keker.com
Steven P. Ragland - # 221076
sragland@keker.com
Brook Dooley - # 230423
bdooley@keker.com
Gayatri V. Paranjabe - # 345933
gparanjape@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Tel: (415) 391-5400
Fax: (415) 397-7188

*Attorneys for Plaintiffs*

Respectfully submitted,

By: /s/ draft

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
James D. Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

William A. Burck (admitted *pro hac vice*)
williamburck@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Tel: (202) 538-8000
Fax: (202) 538-8100

Rajat Rana (admitted *pro hac vice*)
Sam Cleveland (admitted *pro hac vice*)
rajatrana@quinnemanuel.com
samcleveland@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-7100

*Attorneys for Defendant*

# EXHIBIT 3

**CAHILL GORDON & REINDEL LLP**
SAMSON A. ENZER (admitted *pro hac vice*)
senzer@cahill.com
HERBERT S. WASHER (admitted *pro hac vice*)
hwasher@cahill.com
EDWARD N. MOSS (admitted *pro hac vice*)
emoss@cahill.com
JOHN S. MACGREGOR - # 304330
jmacgregor@cahill.com
32 Old Slip
New York, NY 10005
Telephone: 212 701 3000
Facsimile: 212 269 5420

**KEKER, VAN NEST & PETERS LLP**
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
STEVEN P. RAGLAND - # 221076
sragland@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
GAYATRI V. PARANJAPE - # 345933
gparanjape@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

CAHILL GORDON & REINDEL LLP
GREGORY STRONG (admitted *pro hac vice*)
gstrong@cahill.com
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
Telephone: 302 884 0001

Attorneys for Plaintiffs YUCHEN "JUSTIN" SUN, BLUE ANTHEM LIMITED, and BLACK ANTHEM LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YUCHEN "JUSTIN" SUN; BLUE ANTHEM LIMITED; and BLACK ANTHEM LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD LIBERTY FINANCIAL LLC (f/k/a WORLD LIBERTY FINANCIAL, INC.),<br><br>Defendant. | Case No. 26-cv-3360<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT**<br><br>Judge: Hon. James Donato<br><br>Date Filed: April 21, 2026<br><br>Trial Date: None set |

Pursuant to Federal Rules of Civil Procedure 26 and 33, the Local Civil Rules for the Northern District of California, and the Parties' August 27, 2026, Stipulation and [Proposed] Order (ECF No. 67), Plaintiffs Yuchen "Justin" Sun, Blue Anthem Limited, and Black Anthem Limited (collectively, "Plaintiffs"), by and through their undersigned counsel, submit this First Set of Interrogatories to Defendant World Liberty Financial LLC (f/k/a World Liberty Financial, Inc.) ("World Liberty"). In accordance with the Definitions and Instructions set forth below, World Liberty is directed to give written answers to these Interrogatories. World Liberty's responses to these Interrogatories must be served on the undersigned counsel for Plaintiffs within fifteen (15) days of service.

## DEFINITIONS

1. The "Complaint" refers to the Complaint filed by Plaintiffs in this Action on April 21, 2026 (ECF No. 1).

2. "Describe" means to provide in words a complete and detailed explanation or statement of all information, circumstances, and facts that refer to, relate to, reflect, comprise, or bear upon the matter relating to which information is requested.

3. "Identify" means to provide all available details on the subject matter of the interrogatory, including without limitation the identification of all documents in World Liberty's possession, custody, and control relating to the subject matter or reviewed or relied upon in answering the interrogatory. Where used in relation to any person, "identify" means to state the person's name, job title, employer, and the means of contacting the person.

4. "World Liberty" means any subsidiary, parent, or other affiliate of World Liberty Financial LLC (f/k/a World Liberty Financial, Inc.), as well as anyone acting on its behalf, including, without limitation, its officers, directors, employees, attorneys, consultants, agencies, vendors, agents and any other third party acting on behalf of World Liberty.

## INSTRUCTIONS

1. In answering the following Interrogatories, furnish all available information, including information in the possession, custody, or control of any of World Liberty's attorneys, directors, officers, agents, employees, representatives, associates, investigators, divisions, affiliates,

partnerships, parents or subsidiaries, and persons under World Liberty's control, who have the best knowledge. If World Liberty cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Interrogatory that cannot be responded to fully and completely and state what efforts were made to obtain the requested information.

2. If any information requested is claimed to be privileged or otherwise immune from discovery, state the grounds for any objection with specificity in accordance with the requirements of Federal Rule of Civil Procedure 33(b)(4).

3. If World Liberty finds the meaning of any term in these discovery requests to be unclear, World Liberty should assume a reasonable meaning, state what that assumed meaning is, and respond to the request on the basis of that assumed meaning, subject to Plaintiffs' right to clarify the meaning in the same or a different manner.

4. World Liberty's obligation to respond to these Interrogatories is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the identity and citizenship of all members of World Liberty Financial LLC as of the date of the filing of the Complaint on April 21, 2026. For members that are a limited partnership, limited liability partnership, limited corporation, limited liability corporation, or trust, identify the identity and citizenship of that member's members or trustees (and for business trusts, the identity and citizenship of the trust's beneficiaries), and so forth until all persons or entities in the chain of membership and their citizenship have been identified in accordance with Local Civil Rule 3-15.

**INTERROGATORY NO. 2:**

Describe in detail the evidentiary support for the representation made by James D. Judah of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") in World Liberty's Rule 7.1 Corporate Disclosure Statement (ECF No. 42), filed on June 2, 2026, that "[t]he undersigned is presently unaware of any other parties that must be disclosed pursuant to Federal Rule of Civil

Procedure 7.1 or Local Rule 3-15," including identifying the steps taken to ensure that the representation was conducted after a reasonable inquiry and otherwise complied with all applicable rules.

**INTERROGATORY NO. 3:**

Identify the date on which Quinn Emanuel first became aware that World Liberty had any member or owner who was a citizen of the United Arab Emirates.

**INTERROGATORY NO. 4:**

Describe in detail the "additional information relevant to World Liberty's citizenship" referenced in the August 26, 2026 email from World Liberty's counsel to Plaintiffs' counsel (copy attached hereto as **Exhibit 1**), including: (a) the substance of that information; (b) the date on which such information was first obtained; (c) the identity of the person(s) from whom such information was obtained; and (d) the reason(s) such information was not disclosed in World Liberty's initial Rule 7.1 Corporate Disclosure Statement and Local Rule 3-15 Certification filed on June 2, 2026 (ECF No. 42).

Dated: September 2, 2026
New York, NY

**CAHILL GORDON & REINDEL LLP**

By: */s/ Samson A. Enzer*

Samson A. Enzer (admitted *PHV*)
Herbert S. Washer (admitted *PHV*)
Edward N. Moss (admitted *PHV*)
John S. MacGregor (No. 304330)
senzer@cahill.com
hwasher@cahill.com
emoss@cahill.com
jmacgregor@cahill.com
32 Old Slip
New York, NY 10005
Telephone: (212) 701-3000

Gregory Strong (admitted *PHV*)
gstrong@cahill.com
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
Telephone: (302) 884-0001

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (No. 84065)
Steven P. Ragland (No. 221076)
Brook Dooley (No. 230423)
Gayatri V. Paranjape (No. 345933)
rvannest@keker.com
sragland@keker.com
bdooley@keker.com
gparanjape@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

*Attorneys for Plaintiffs*

# Exhibit 1

**From:** Sam Cleveland <samcleveland@quinnemanuel.com>
**Sent:** Wednesday, August 26, 2026 1:37 PM
**To:** Gebhardt, Kayla; 'Gayatri V. Paranjape'; MacGregor, John S.; Enzer, Samson; Moss, Edward; Washer, Herbert S.; Strong, Gregory; Robert Van Nest; Brook Dooley; Steven Ragland; Amend, Andrew
**Cc:** William Burck; Rajat Rana; James Judah; Zachary Furcolo
**Subject:** Sun v. World Liberty Financial LLC, No. 26-cv-3360-JD (N.D. Cal.)
**Attachments:** 2026.08.26 World Liberty Supplemental FRCP 7.1 Disclosure and LR 3-15 Certification.pdf

Counsel,

We recently became aware of additional information relevant to World Liberty's citizenship that requires a supplementation of its Rule 7.1 Disclosure Statement and Civil Local Rule 3-15 Certification (ECF No. 42). We will be filing a supplemental certification later today. A courtesy copy of that supplementation is attached.

As reflected in the supplemental certification, World Liberty is (and was, as of the date of the filing of the Complaint) a citizen of, *inter alia*, the United Arab Emirates. Because the sole alleged basis for federal jurisdiction in the Complaint is diversity jurisdiction under 28 U.S.C. § 1332, World Liberty's UAE citizenship is jurisdictionally relevant. Diversity jurisdiction requires complete diversity between the parties, and this requirement extends equally to citizenship of a foreign state. *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) (where an alien plaintiff sues an alien defendant alongside a citizen-defendant, "there is no jurisdiction at all"). Here, however, complete diversity is lacking because Plaintiffs' citizenship for diversity purposes is foreign, and World Liberty is also a foreign citizen (in addition to its domestic citizenships). *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004) (dismissing for lack of complete diversity where an entity was, through its members, a citizen of two U.S. states and Mexico, and the opposing party was also Mexican, because "aliens were on both sides of the case"). Accordingly, this Court lacks subject matter jurisdiction over this action.

We would like to meet and confer on this issue to discuss Plaintiffs' position on the appropriate next steps. We are available to do so either at this afternoon's in-person meet and confer, or at your earliest convenience thereafter, including on Thursday and Friday.

Thanks,
Sam

**Sam Cleveland**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Avenue
New York, NY 10016
262-957-6543 Mobile
samcleveland@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

## CERTIFICATE OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On September 2, 2026, I served the following document(s):

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

☑ by **FEDEX**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker, Van Nest & Peters LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

***Counsel for World Liberty Financial, LLC*:**

James Judah
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
jamesjudah@quinnemanuel.com
Main Tel: 415 875 6600
Main Fax: 415 875 6700

William Burck
Rajat Rana
Sam Cleveland
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue, 9th Floor
New York, New York 10016
williamburck@quinnemanuel.com
rajatrana@quinnemanuel.com
samcleveland@quinnemanuel.com
Main Tel: 212 849 7000
Main Fax: 212 849 7100

Executed on September 2, 2026, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Susan B. McCabe

# EXHIBIT 4

**CAHILL GORDON & REINDEL LLP**
SAMSON A. ENZER (admitted *pro hac vice*)
senzer@cahill.com
HERBERT S. WASHER (admitted *pro hac vice*)
hwasher@cahill.com
EDWARD N. MOSS (admitted *pro hac vice*)
emoss@cahill.com
JOHN S. MACGREGOR - # 304330
jmacgregor@cahill.com
32 Old Slip
New York, NY 10005
Telephone: 212 701 3000
Facsimile: 212 269 5420

**KEKER, VAN NEST & PETERS LLP**
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
STEVEN P. RAGLAND - # 221076
sragland@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
GAYATRI V. PARANJAPE - # 345933
gparanjape@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

CAHILL GORDON & REINDEL LLP
GREGORY STRONG (admitted *pro hac vice*)
gstrong@cahill.com
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
Telephone: 302 884 0001

Attorneys for Plaintiffs YUCHEN "JUSTIN" SUN, BLUE ANTHEM LIMITED, and BLACK ANTHEM LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

YUCHEN "JUSTIN" SUN; BLUE ANTHEM LIMITED; and BLACK ANTHEM LIMITED,

Plaintiffs,

v.

WORLD LIBERTY FINANCIAL LLC (f/k/a WORLD LIBERTY FINANCIAL, INC.),

Defendant.

Case No. 26-cv-3360

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

Judge: Hon. James Donato

Date Filed: April 21, 2026

Trial Date: None set

Pursuant to Federal Rules of Civil Procedure 26 and 34, the Local Civil Rules for the Northern District of California, and the Parties' August 27, 2026, Stipulation and [Proposed] Order (ECF No. 67), Plaintiffs Yuchen "Justin" Sun, Blue Anthem Limited, and Black Anthem Limited (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby request that Defendant World Liberty Financial LLC (f/k/a World Liberty Financial, Inc.) ("World Liberty") produce the Documents described below for inspection and copying to Plaintiffs within fifteen (15) days of service.

## DEFINITIONS

The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure and Rule 34-1 of the Local Civil Rules for the Northern District of California are hereby incorporated and apply to these Requests for Production of Documents ("Requests"). The following additional Definitions apply with respect to each of these Requests, and each of the terms defined below, when used in any Request, Instruction, or Definition, shall have the meaning given herein:

1. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes any document as defined below.

2. The "Complaint" refers to the Complaint filed by Plaintiffs in this Action on April 21, 2026 (ECF No. 1).

3. "Describe" means to provide in words a complete and detailed explanation or statement of all information, circumstances, and facts that refer to, relate to, reflect, comprise, or bear upon the matter relating to which information is requested.

4. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). For the avoidance of doubt, documents include all communications written or recorded in any format or medium. A draft or non-identical copy is a separate document within the meaning of this term.

5. "Identify" means to provide all available details on the subject matter of the Request, including without limitation the identification of all documents in World Liberty's possession, custody, and control relating to the subject matter or reviewed or relied upon in answering the

Request. Where used in relation to any person, "identify" means to state the person's name, job title, employer, and the means of contacting the person.

6. "World Liberty" means any subsidiary, parent, or other affiliate of World Liberty Financial LLC (f/k/a World Liberty Financial, Inc.), as well as anyone acting on its behalf, including, without limitation, its officers, directors, employees, attorneys, consultants, agencies, vendors, agents and any other third party acting on behalf of World Liberty.

## INSTRUCTIONS

1. These Requests for Production of Documents apply to all documents and communications in World Liberty's possession, custody, or control, regardless of their location and regardless of whether such documents and communications are held by World Liberty or any of World Liberty's employees, agents, representatives, attorneys, consultants, advisors (including financial advisors), persons, or entities acting on World Liberty's behalf.

2. To the extent the documents and communications are maintained or are otherwise available electronically, produce them in that form, including with all metadata intact.

3. If any documents and communications are withheld from production on the alleged grounds of privilege or immunity (whether under any common law, statute, or otherwise), World Liberty shall identify each such document or communication on the due date of production by stating: (a) the identity of each person who prepared and/or signed the document or communication; (b) the identity of each person designated as an addressee; (c) the identity of each person who received any copy of the document or communication; (d) the date of the document or communication; (e) the subject matter of the document or communication; (f) the type of document or communication; and (g) the basis for withholding the document or communication. Notwithstanding the assertion of any privilege or other protection, any requested document or communication that contains responsive, non-privileged, or protected information should be produced, but that portion of the document or communication for which privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

4. If World Liberty has no documents responsive to a Request, World Liberty must say so in its response.

5. The documents requested shall be produced as they are kept in the usual course of business, or shall be organized and labeled in a manner corresponding to these Requests. *See* Fed. R. Civ. P. 34(b)(2)(E)(i).

6. If any Request is objected to, in whole or in part, set forth the legal basis for each objection, and set forth the facts upon which World Liberty relies as the basis for each objection.

7. To bring within the scope of these Requests all information that might otherwise be construed to be outside of their scope, (a) the present tense shall be construed to include the past tense and vice versa, (b) the singular includes the plural and vice versa, and (c) the terms "and" and "or" are both conjunctive and disjunctive.

8. The term "including" shall be construed without limitation to mean including, but not limited to.

9. These Requests are intended to be continuing and World Liberty is requested to provide, by way of supplementary responses hereto, such additional information as World Liberty or any persons acting on World Liberty's behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to each Request. To the extent a responsive document is created, generated, or received by World Liberty after World Liberty has responded to these Requests or after the time for responding to these Requests has passed, World Liberty is under a duty, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, to supplement its response by providing that responsive document as soon as reasonably practicable after the same is created, generated, or received by World Liberty.

## **REQUESTS FOR PRODUCTION**

### **REQUEST FOR PRODUCTION NO. 1:**

Documents and communications sufficient to show the identity and citizenship of all members of World Liberty Financial LLC as of the date of the filing of the Complaint, including, for any member in the chain that is a limited partnership, limited liability partnership, limited corporation, limited liability company, or trust, all documents and communications sufficient to

show the identity and citizenship of each such member's members or trustees (and for business trusts, the identity and citizenship of the trust's beneficiaries).

**REQUEST FOR PRODUCTION NO. 2:**

Documents and communications sufficient to show the date on which Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") first became aware that World Liberty Financial LLC claimed to be a citizen of the United Arab Emirates.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications containing any factual information that World Liberty provided to Quinn Emanuel at any time regarding the citizenship of World Liberty or any of its members.

Dated: September 2, 2026
New York, NY

**CAHILL GORDON & REINDEL LLP**

By: */s/ Samson A. Enzer*
Samson A. Enzer (admitted *PHV*)
Herbert S. Washer (admitted *PHV*)
Edward N. Moss (admitted *PHV*)
John S. MacGregor (No. 304330)
senzer@cahill.com
hwasher@cahill.com
emoss@cahill.com
jmacgregor@cahill.com
32 Old Slip
New York, NY 10005
Telephone: (212) 701-3000

Gregory Strong (admitted *PHV*)
gstrong@cahill.com
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
Telephone: (302) 884-0001

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (No. 84065)
Steven P. Ragland (No. 221076)
Brook Dooley (No. 230423)
Gayatri V. Paranjape (No. 345933)
rvannest@keker.com
sragland@keker.com

bdooley@keker.com
gparanjape@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On September 2, 2026, I served the following document(s):

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

☑ by **FEDEX**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker, Van Nest & Peters LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

***Counsel for World Liberty Financial, LLC*:**

James Judah
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
jamesjudah@quinnemanuel.com
Main Tel: 415 875 6600
Main Fax: 415 875 6700

William Burck
Rajat Rana
Sam Cleveland
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue, 9th Floor
New York, New York 10016
williamburck@quinnemanuel.com
rajatrana@quinnemanuel.com
samcleveland@quinnemanuel.com
Main Tel: 212 849 7000
Main Fax: 212 849 7100

Executed on September 2, 2026, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Susan B. McCabe

# EXHIBIT 5

**CAHILL GORDON & REINDEL LLP**
SAMSON A. ENZER (admitted *pro hac vice*)
senzer@cahill.com
HERBERT S. WASHER (admitted *pro hac vice*)
hwasher@cahill.com
EDWARD N. MOSS (admitted *pro hac vice*)
emoss@cahill.com
JOHN S. MACGREGOR - # 304330
jmacgregor@cahill.com
32 Old Slip
New York, NY 10005
Telephone: 212 701 3000
Facsimile: 212 269 5420

**KEKER, VAN NEST & PETERS LLP**
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
STEVEN P. RAGLAND - # 221076
sragland@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
GAYATRI V. PARANJAPE - # 345933
gparanjape@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

CAHILL GORDON & REINDEL LLP
GREGORY STRONG (admitted *pro hac vice*)
gstrong@cahill.com
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
Telephone: 302 884 0001

Attorneys for Plaintiffs YUCHEN “JUSTIN” SUN, BLUE ANTHEM LIMITED, and BLACK ANTHEM LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

YUCHEN “JUSTIN” SUN; BLUE ANTHEM LIMITED; and BLACK ANTHEM LIMITED,

Plaintiffs,

v.

WORLD LIBERTY FINANCIAL LLC (f/k/a WORLD LIBERTY FINANCIAL, INC.),

Defendant.

Case No. 26-cv-3360

**NOTICE OF DEPOSITION UNDER RULE 30(B)(6)**

Judge: Hon. James Donato

Date Filed: April 21, 2026

Trial Date: None set

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Parties' August 27, 2026, Stipulation and [Proposed] Order (ECF No. 67) (the "Stipulation"), Plaintiffs Yuchen "Justin" Sun, Blue Anthem Limited, and Black Anthem Limited (collectively, "Plaintiffs"), by and through their undersigned counsel, will take the deposition upon oral examination of the designated representative(s) of Defendant World Liberty Financial LLC (f/k/a World Liberty Financial, Inc.) ("World Liberty"). The deposition will take place in person on September 23, 2026, at 10:00 am, or at another earlier date and time to be agreed upon by Plaintiffs and World Liberty, at the offices of Keker, Van Nest & Peters LLP, 633 Battery Street San Francisco, CA 94111, or at another location to be agreed upon by Plaintiffs and World Liberty, and will continue from day to day thereafter, Sundays and holidays excepted, until completed. The deposition will take place before an officer authorized by law to administer oaths and may be recorded by stenographic means, audio recording, and video recording. Because this is a special deposition pursuant to the Stipulation concerning a jurisdictional issue, it shall not count against the Court's limit of ten topics for Rule 30(b)(6) depositions over the life of a case.

Pursuant to Rule 30(b)(6), World Liberty must designate one or more officers, directors, managing agents, or other persons who consent to testify on World Liberty's behalf regarding the topics listed below. The definitions set forth below apply to these topics.

## DEFINITIONS

1. "Action" means the above-captioned action, filed in the Northern District of California, entitled *Sun et al.* v. *World Liberty Financial LLC*, No. 26-cv-3360.

2. The "Complaint" refers to the Complaint filed by Plaintiffs in this Action on April 21, 2026 (ECF No. 1).

3. "World Liberty" means any subsidiary, parent, or other affiliate of World Liberty Financial LLC (f/k/a World Liberty Financial, Inc.), as well as anyone acting on its behalf, including, without limitation, its officers, directors, employees, attorneys, consultants, agencies, vendors, agents and any other third party acting on behalf of World Liberty.

## TOPICS FOR EXAMINATION

1. The identity and citizenship of all members of World Liberty as of the date of the filing of the Complaint, including, for any member that is a limited partnership, limited liability partnership, limited corporation, limited liability company, or trust, the identity and citizenship of each such member's members or trustees (and for business trusts, the identity and citizenship of the trust's beneficiaries).

2. The timing and substance of any factual information that World Liberty provided to Quinn Emanuel Urquhart & Sullivan, LLP at any time regarding the citizenship of World Liberty or any of its members.

Dated: September 2, 2026
New York, NY

**CAHILL GORDON & REINDEL LLP**

By: */s/ Samson A. Enzer*
Samson A. Enzer (admitted *PHV*)
Herbert S. Washer (admitted *PHV*)
Edward N. Moss (admitted *PHV*)
John S. MacGregor (No. 304330)
senzer@cahill.com
hwasher@cahill.com
emoss@cahill.com
jmacgregor@cahill.com
32 Old Slip
New York, NY 10005
Telephone: (212) 701-3000

Gregory Strong (admitted *PHV*)
gstrong@cahill.com
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
Telephone: (302) 884-0001

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (No. 84065)
Steven P. Ragland (No. 221076)
Brook Dooley (No. 230423)
Gayatri V. Paranjape (No. 345933)
rvannest@keker.com
sragland@keker.com
bdooley@keker.com

gparanjape@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On September 2, 2026, I served the following document(s):

**NOTICE OF DEPOSITION UNDER RULE 30(B)(6)**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

☑ by **FEDEX**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker, Van Nest & Peters LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

***Counsel for World Liberty Financial, LLC*:**

James Judah
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
jamesjudah@quinnemanuel.com
Main Tel: 415 875 6600
Main Fax: 415 875 6700

William Burck
Rajat Rana
Sam Cleveland
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue, 9th Floor
New York, New York 10016
williamburck@quinnemanuel.com
rajatrana@quinnemanuel.com
samcleveland@quinnemanuel.com
Main Tel: 212 849 7000
Main Fax: 212 849 7100

Executed on September 2, 2026, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Susan B. McCabe

# EXHIBIT 6

**Archived:** Wednesday, September 30, 2026 12:22:47 PM
**From:** Sam Cleveland
**Sent:** Friday, September 11, 2026 11:32:32 AM
**To:** Gebhardt, Kayla; 'Gayatri V. Paranjape'; MacGregor, John S.; Enzer, Samson; Moss, Edward; Washer, Herbert S.; Strong, Gregory; Robert Van Nest; Brook Dooley; Steven Ragland; Amend, Andrew
**Cc:** William Burck; Rajat Rana; James Judah
**Subject:** RE: Sun v. World Liberty Financial LLC, No. 26-cv-3360-JD (N.D. Cal.)
**Sensitivity:** Normal

---

Counsel,

Please let us know about the protective order, as we would like to get that finalized. Also we can agree to (mutual) email service. Regarding the written discovery you sent on September 2, 2026, we don't think formal requests are either necessary or provided for under the parties' stipulation, as we will be voluntarily providing the relevant and stipulated-to discovery once the protective order is in place. We would propose that you review our production and then we can meet and confer to the extent you believe any additional discovery is necessary.

In any event, in order to reserve all rights, World Liberty will be providing formal objections and responses in due course.

Thanks,

Sam

---

**From:** Sam Cleveland
**Sent:** Sunday, September 6, 2026 1:26 PM
**To:** 'Gebhardt, Kayla' <KGebhardt@cahill.com>; 'Gayatri V. Paranjape' <GParanjape@keker.com>; 'MacGregor, John S.' <JMacGregor@cahill.com>; 'Enzer, Samson' <SEnzer@cahill.com>; 'Moss, Edward' <EMoss@cahill.com>; 'Washer, Herbert S.' <HWasher@cahill.com>; 'Strong, Gregory' <GStrong@Cahill.com>; 'Robert Van Nest' <RVanNest@keker.com>; 'Brook Dooley' <BDooley@keker.com>; 'Steven Ragland' <SRagland@keker.com>; 'Amend, Andrew' <AAmend@cahill.com>
**Cc:** William Burck <williamburck@quinnemanuel.com>; Rajat Rana <rajatrana@quinnemanuel.com>; James Judah <jamesjudah@quinnemanuel.com>
**Subject:** Sun v. World Liberty Financial LLC, No. 26-cv-3360-JD (N.D. Cal.)

Counsel,

As previously discussed, discovery World Liberty will be providing pursuant to the parties' August 27, 2026 Stipulation (Dkt. 67 ¶ 1) is confidential and will require entry of a protective order. We have prepared a draft based on the Northern District of California model order, attached. Please let us know if you have any proposed edits or if we can finalize.

Thanks,

Sam

**Sam Cleveland**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Avenue
New York, NY 10016

262-957-6543 Mobile
samcleveland@quinnemanuel.com
www.quinnemanuel.com

\sb240NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT 7

**From:** Zachary Furcolo <zacharyfurcolo@quinnemanuel.com>
**Sent:** Friday, October 2, 2026 5:02 PM
**To:** Leah M. Samuel; Sam Cleveland; Brook Dooley; Gebhardt, Kayla; Gayatri V. Paranjape; MacGregor, John S.; Enzer, Samson; Moss, Edward; Washer, Herbert S.; Strong, Gregory; Robert Van Nest; Steven Ragland; Amend, Andrew
**Cc:** William Burck; Rajat Rana; James Judah
**Subject:** RE: RE: Sun v. World Liberty Financial LLC, No. 26-cv-3360-JD (N.D. Cal.) // 9.17.26 Service Email
**Attachments:** WLF_0000019.pdf

Counsel,

We disagree with your contentions. Nevertheless, in the interest of compromise and completing jurisdictional discovery, attached please find a supplemental document production, which is marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order. We believe this production addresses Plaintiffs' stated concerns as to discovery sufficient to show the citizenship of Defendant as relevant to the Court's subject matter jurisdiction under 28 U.S.C. § 1332(a)(2). ECF No. 67; ECF No. 69.

Thanks,
Zach

**Zachary Furcolo**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6415 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
zacharyfurcolo@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Leah M. Samuel <LSamuel@keker.com>
**Sent:** Friday, September 25, 2026 11:23 AM
**To:** Sam Cleveland <samcleveland@quinnemanuel.com>; Zachary Furcolo <zacharyfurcolo@quinnemanuel.com>; Brook Dooley <BDooley@keker.com>; Gebhardt, Kayla <KGebhardt@cahill.com>; Gayatri V. Paranjape <GParanjape@keker.com>; MacGregor, John S. <JMacGregor@cahill.com>; Enzer, Samson <SEnzer@cahill.com>; Moss, Edward <emoss@cahill.com>; Washer, Herbert S. <HWasher@cahill.com>; Strong, Gregory <GStrong@Cahill.com>; Robert Van Nest <RVanNest@keker.com>; Steven Ragland <SRagland@keker.com>; Amend, Andrew <aamend@cahill.com>
**Cc:** William Burck <williamburck@quinnemanuel.com>; Rajat Rana <rajatrana@quinnemanuel.com>; James Judah <jamesjudah@quinnemanuel.com>
**Subject:** RE: RE: Sun v. World Liberty Financial LLC, No. 26-cv-3360-JD (N.D. Cal.) // 9.17.26 Service Email

**[EXTERNAL EMAIL from lsamuel@keker.com]**

Counsel—

Your responses and objections are deficient in myriad ways that we reserve the right to later raise before the Court. For purposes of expediency, we will focus now on the most glaring deficiency—that you have failed to provide documentation adequate to substantiate the threshold issue, which is whether World Liberty Financial LLC had a single member that was a foreign citizen on the date that the complaint was filed.

Instead, the grand total of your production consists of (a) what appears to be a single slide cut from a larger slide deck, which is unsworn, unauthenticated, and lacking any context besides the purported date, (b) an LLC Agreement for Aryam (DE) LLC, and (3) an officer declaration purporting to show that the LLC Agreement accurately reflects the membership interest in Aryam (DE) LLC on the date the complaint was filed.

These three documents do not suffice to establish (1) Aryam RSC Ltd.'s corporate structure as an entity you claim to be incorporated under the laws of Abu Dhabi, (2) Aryam (DE) LLC's membership in WLF Holdco, or (3) Holdco's membership in WLF LLC, as of the date the complaint was filed. Please provide evidence of the relationships between these entities as of the date the complaint was filed, including (but necessarily not limited to) articles of organization or incorporation for Aryam RSC Ltd., WLF Holdco LLC, and WLF LLC, showing their respective membership interests, or, if the articles do not show contemporaneous membership interests, provide authenticated operating agreements, membership schedules/ledgers, transfer or admission documents, membership purchase agreements, or tax records showing partnership returns.

Best,

Leah

**Leah M. Samuel**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8870 direct | 415 391 5400 main
lsamuel@keker.com | | keker.com

**From:** Sam Cleveland <samcleveland@quinnemanuel.com>
**Sent:** Wednesday, September 23, 2026 11:09 AM
**To:** Zachary Furcolo <zacharyfurcolo@quinnemanuel.com>; Brook Dooley <BDooley@keker.com>; Gebhardt, Kayla <KGebhardt@cahill.com>; Gayatri V. Paranjape <GParanjape@keker.com>; MacGregor, John S. <JMacGregor@cahill.com>; Enzer, Samson <SEnzer@cahill.com>; Moss, Edward <emoss@cahill.com>; Washer, Herbert S. <HWasher@cahill.com>; Strong, Gregory <GStrong@Cahill.com>; Robert Van Nest <RVanNest@keker.com>; Steven Ragland <SRagland@keker.com>; Amend, Andrew <aamend@cahill.com>; Leah M. Samuel <LSamuel@keker.com>
**Cc:** William Burck <williamburck@quinnemanuel.com>; Rajat Rana <rajatrana@quinnemanuel.com>; James Judah <jamesjudah@quinnemanuel.com>
**Subject:** RE: RE: Sun v. World Liberty Financial LLC, No. 26-cv-3360-JD (N.D. Cal.) // 9.17.26 Service Email

**[EXTERNAL]**

Counsel,

Attached please find World Liberty's second production of documents, which spans Bates range WLF_0000009 through WLF_0000018. Please note that this document is designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY under the Protective Order.

World Liberty has now completed its production of documents sufficient to show the citizenship of Defendant as relevant to the Court's subject matter jurisdiction under 28 U.S.C. § 1332(a)(2). (ECF No. 67). Based on this confirmation that there is no diversity, the case should be dismissed. (ECF No. 67, ¶ 2).

Thanks,
Sam

---

**From:** Zachary Furcolo <zacharyfurcolo@quinnemanuel.com>
**Sent:** Friday, September 18, 2026 12:02 AM
**To:** Brook Dooley <bdooley@keker.com>; Gebhardt, Kayla <KGebhardt@cahill.com>; Gayatri V. Paranjape <GParanjape@keker.com>; MacGregor, John S. <JMacGregor@cahill.com>; Enzer, Samson <SEnzer@cahill.com>; Moss, Edward <emoss@cahill.com>; Washer, Herbert S. <HWasher@cahill.com>; Strong, Gregory <GStrong@Cahill.com>; Robert Van Nest <RVanNest@keker.com>; Steven Ragland <SRagland@keker.com>; Amend, Andrew <aamend@cahill.com>; Leah M. Samuel <lsamuel@keker.com>
**Cc:** William Burck <williamburck@quinnemanuel.com>; Rajat Rana <rajatrana@quinnemanuel.com>; James Judah <jamesjudah@quinnemanuel.com>; Sam Cleveland <samcleveland@quinnemanuel.com>
**Subject:** RE: Sun v. World Liberty Financial LLC, No. 26-cv-3360-JD (N.D. Cal.) // 9.17.26 Service Email

Counsel,

Attached please find World Liberty's Responses and Objections to (1) Plaintiffs' Notice Deposition Under Rule 30(b)(6); (2) Plaintiffs' First Set of Interrogatories to Defendant; and (3) Plaintiffs' First Set of Requests for Production of Documents to Defendant.

In addition, attached please find World Liberty's first production of documents, which spans Bates range WLF_0000001 through WLF_0000008. Please note that both documents are designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY under the Protective Order. In addition to these documents, World Liberty intends to make an additional production, which it will do as soon as it is able.

As explained in the R&Os, World Liberty remains willing to meet and confer with Plaintiffs' counsel following their review of these documents and World Liberty's forthcoming production to discuss what additional information, if any, Plaintiffs believe is necessary and appropriate under the August 27, 2026 Stipulation.

Thanks,
Zach

**Zachary Furcolo**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6415 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
zacharyfurcolo@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT 8

EXHIBIT FILED UNDER SEAL

# EXHIBIT 9

EXHIBIT FILED UNDER SEAL

# EXHIBIT 10

EXHIBIT FILED UNDER SEAL