# EXHIBIT 3

**From:** Gayatri V. Paranjape <GParanjape@keker.com>
**Sent:** Thursday, August 27, 2026 8:27 AM
**To:** James Judah; Sam Cleveland
**Cc:** Brook Dooley; Steven Ragland; Leah M. Samuel; Enzer, Samson; Moss, Edward; MacGregor, John S.
**Subject:** Sun v. WLFI Stipulation
**Attachments:** Sun v. World Liberty - Stipulation.docx

**[EXTERNAL EMAIL from gparanjape@keker.com]**

---

Counsel,

Attached please find the stipulation we discussed at yesterday's meet and confer.

Thanks,

Gayatri

**Gayatri V. Paranjape**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8863 direct | 415 391 5400 main
gparanjape@keker.com

**KEKER, VAN NEST & PETERS LLP**
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
STEVEN P. RAGLAND - # 221076
sragland@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
GAYATRI V. PARANJAPE - # 345933
gparanjape@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

*Attorneys for Plaintiffs*
*Additional Counsel listed on Signature Page*

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
JAMES D. JUDAH - #257112
jamesjudah@quinnemanuel.com
50 California Street
22nd Floor
San Francisco, CA 94111
Telephone: 415-875 6600
Facsimile: 415-875 6700

SAM CLEVELAND (*PHV*)
samcleveland@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: 262 957 6543

*Attorneys for Defendant*
*Additional Counsel listed on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

YUCHEN "JUSTIN" SUN;
BLUE ANTHEM LIMITED; and
BLACK ANTHEM LIMITED,

Plaintiffs,

v.

WORLD LIBERTY FINANCIAL LLC (f/k/a WORLD LIBERTY FINANCIAL, INC.),

Defendant.

Case No. 26-cv-3360

**STIPULATION AND [PROPOSED] ORDER**

Judge: Hon. James Donato

Date Filed: April 22, 2026

Trial Date: None set

Pursuant to the Court's direction at the August 20, 2026, hearing on the Motion to Compel Arbitration filed by Defendant World Liberty Financial LLC (f/k/a World Liberty Financial, Inc.) ("Defendant"), Plaintiffs Yuchen "Justin" Sun ("Sun"), Blue Anthem Limited ("Blue Anthem"), and Black Anthem Limited ("Black Anthem") (collectively, "Plaintiffs"), and Defendant, by and through their respective counsel of record, stipulate as follows:

WHEREAS, counsel for the parties from Keker, Van Nest & Peters LLP, Cahill Gordon & Reindel LLP, and Quinn Emanuel Urquhart & Sullivan, LLP met and conferred by email and video conference on August 25, 2026, and in person at the offices of Keker, Van Nest and Peters LLP on August 26, 2026, as ordered by the Court in an effort to address the parties' dispute regarding which of Plaintiffs' claims are subject to arbitration and which should remain before this Court and to prepare the chart regarding the same that the Court directed the parties to submit;

WHEREAS, the parties were in the process of meeting and conferring regarding the chart that the Court directed the parties to submit;

WHEREAS, on Wednesday, August 26, 2026, between the parties' two meet-and-confer sessions, Defendant's counsel notified Plaintiffs' counsel for the first time that, based on the citizenship of at least one of its members, Defendant may be, and may have been on the date the Complaint was filed, a foreign citizen (specifically, a citizen of the United Arab Emirates), information which Defendant's counsel represented it had only recently learned from its client, and which Defendant disclosed to the Court in a Supplemental Disclosure filed on August 26, 2026, *see* Dkt. 66;

WHEREAS, the parties discussed that the new information that Defendant may be a citizen of the United Arab Emirates may raise a threshold issue regarding this Court's subject matter jurisdiction, specifically whether the citizenship of Defendant defeats complete diversity between the parties; and

WHEREAS, while the parties understood and were in the process of complying with the Court's direction at the August 20, 2026, hearing to address their dispute regarding which claims are subject to arbitration and which claims should remain before this Court, in light of the new

disclosure by Defendant, the parties now believe that the interests of judicial efficiency and economy are best served by deferring the resolution of that issue and the pending Motion to Compel Arbitration in favor of first addressing the potential threshold issue of the Court's subject matter jurisdiction;

IT IS THEREFORE STIPULATED AND AGREED by all Parties as follows:

1. Within 30 days following the entry of this Stipulation and Order, the parties shall meet and confer regarding the jurisdictional issue raised by Defendant's August 26, 2026, Supplemental Disclosure and during such time, Defendant shall provide to Plaintiffs discovery sufficient to satisfy Plaintiffs regarding the citizenship of Defendant as relevant to the Court's subject matter jurisdiction under 28 U.S.C. § 1332(a)(2);

2. If, at the conclusion of the 30 days referenced in Paragraph 1, Plaintiffs are satisfied that the Court lacks subject matter jurisdiction, Plaintiffs will dismiss this Action within 5 business days;

3. If, at the conclusion of the 30 days referenced in Paragraph 1, Plaintiffs are *not* satisfied that the Court lacks subject matter jurisdiction, Plaintiffs shall file an amended complaint within 30 days, which amended complaint shall consist of only those claims Plaintiffs in good faith believe are not subject to arbitration;

4. If Plaintiffs file an amended complaint pursuant to Paragraph 3, and Defendant still maintains that the Court lacks subject matter jurisdiction, Defendant shall file within 30 days a Motion to Dismiss the amended complaint for lack of subject matter jurisdiction. Such Motion will not waive any existing defenses asserted by Defendant, such as those asserted in its Motion to Compel Arbitration, Dkt 40, or its Motion to Dismiss, Dkt. 41. If the Court denies Defendant's Motion to Dismiss for lack of subject matter jurisdiction, Defendant will have 30 days from the Court's order to answer the amended complaint or renew its Motion to Compel Arbitration and/or Motion to Dismiss;

5. If Plaintiffs file an amended complaint pursuant to Paragraph 3, and Defendant no longer maintains that the Court lacks subject matter jurisdiction, Defendant will have 30 days to

answer the amended complaint or renew its Motion to Compel Arbitration and/or Motion to Dismiss; and

6. For the avoidance of doubt, nothing herein shall relieve the parties of their obligations under the Stipulation and Order entered on May 25, 2026, Dkt. 39 at 3:6-11, to work in good faith to enter an agreement similar to the Stipulation and Order in the event Plaintiffs voluntarily dismiss the Action or there is a decision in favor of Defendant on any dispositive motion or any motion to compel arbitration.

Dated: August 27, 2026

**KEKER, VAN NEST & PETERS LLP**

By: */s/ Steven P. Ragland*
ROBERT A. VAN NEST
STEVEN P. RAGLAND
BROOK DOOLEY
GAYATRI V. PARANJAPE

**CAHILL GORDON & REINDEL LLP**
SAMSON A. ENZER (*PHV*)
HERBERT S. WASHER (*PHV*)
EDWARD N. MOSS (*PHV*)
JOHN S. MACGREGOR

**CAHILL GORDON & REINDEL LLP**
GREGORY STRONG (*PHV*)

*Attorneys for Plaintiffs*

Dated: August 27, 2026

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

By: */s/*
WILLIAM A. BURCK (*PHV*)
RAJAT RANA (*PHV*)
SAM CLEVELAND (*PHV*)
JAMES D. JUDAH

*Attorneys for Defendant*

**ECF ATTESTATION**

I, Steven Ragland, hereby attest pursuant to Civil Local Rule 5-1(i)(3) that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: August 27, 2026

**KEKER, VAN NEST & PETERS LLP**

By: */s/ Steven P. Ragland*
ROBERT A. VAN NEST
STEVEN P. RAGLAND
BROOK DOOLEY
GAYATRI V. PARANJAPE

**CAHILL GORDON & REINDEL LLP**
SAMSON A. ENZER (*PHV*)
HERBERT S. WASHER (*PHV*)
EDWARD N. MOSS (*PHV*)
JOHN S. MACGREGOR (*PHV*)

**CAHILL GORDON & REINDEL LLP**
GREGORY STRONG (*PHV*)

*Attorneys for Plaintiffs*

# [PROPOSED] ORDER

PURSUANT TO THE ATTACHED STIPULATION, IT IS SO ORDERED.

Date: August ___, 2026

By: ________________________________
United States District Court Judge